Gabino GONE, Appellant,

v.

Maria Adela Rivera GONE, Appellee.

No. 14–98–00648–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 20, 1999.

Rehearing Overruled July 1, 1999.

Claude C. Phillips, Humble, for appellants.

Rosemary Garza, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN and WITTIG.

## OPINION

MAURICE E. AMIDEI, Justice.

Gabino Gone (Gabino) appeals from a denial of a bill of review in a no-answer default judgment in his divorce from appellee (Maria). In four points of error, Gabino contends the trial court erred: (1) in granting Maria's "oral special exception" to evidence unsupported by Gabino's pleadings and denying Gabino's right to amend his pleadings; (2) by excluding Gabino's evidence of Maria's failure to file a certificate of last known address in the default divorce; (3) by excluding prima facie evidence of appellant's meritorious defense; and (4) excluding evidence of appellant's proof that he and appellee purchased real estate four months after the divorce as husband and wife. Appellee did not file a brief. We affirm.

■ Gabino and Maria were divorced in a no-answer default divorce decree dated December 20, 1994, in the same trial court as this proceeding. Gabino filed a petition for bill of review on November 17, 1997, alleging fraud on the part of Maria in procuring a divorce decree which awarded a grossly disproportionate share of the marital estate to Maria. In his petition, Gabino alleged that he was aware of the divorce petition filed by Maria but was not aware that she had proceeded with the divorce, and also was not aware that the divorce decree was entered on December 20, 1994. At the time the divorce decree was signed, Gabino alleged in his bill of review that he and Maria were living together as husband and wife, and that four months after the divorce decree was signed, they purchased a house as husband and wife. Gabino alleged he did not become aware of the divorce decree until he was recently served with eviction papers

demanding that he vacate the former marital homestead of the parties located at 3407 Kirk. He further alleged that Maria's fraud prevented him from protecting his rights to his just share of their community property, and that he was not negligent in defending his claim. Gabino concluded by asking that the divorce decree be canceled, and a "just and right" division of the estate be made.

■ A bill of review is an independent equitable remedy brought by a party to a former action seeking to set aside a judgment no longer appealable or subject to a motion for a new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979); *Arndt v. Arndt*, 714 S.W.2d 86, 87 (Tex. App.-Houston[14th Dist.], no writ). In order to be successful upon a bill of review, the complainant must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party (or official mistake), (3) unmixed with any fault or negligence of his own. *Baker*, 582 S.W.2d at 406–07. These grounds are narrow and strictly construed because the need for equitable relief must be counter balanced against the fundamental importance of achieving finality of judgments and the elimination of endless litigation. *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950); *Arndt*, 714 S.W.2d at 88.

■ The procedure to be utilized in a bill of review is outlined in *Baker v. Goldsmith*, 582 S.W.2d at 408–09. First, the complainant must file a petition that alleges factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with his own negligence. He must also plead facts sufficient to constitute a defense. *Id.*

■ Before conducting a full trial on the bill of review, a court may conduct a hearing at which the complainant is to present prima facie proof to support his contended defense. *Id.* "A prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered." *Id.*

The trial court admitted evidence on whether Gabino was properly served with citation in the divorce case and his reasons for not answering. Gabino admitted he was served with divorce papers, that he knew they were divorce papers, and his only reason for not answering was that "he trusted his wife," who told him "not to worry about divorce." After hearing Gabino's testimony about Maria leading him to believe the divorce was being dropped, the trial court heard Maria's testimony that this was not the case. Maria testified Gabino was in and out of the house, that they did not have a real marriage because they were always fighting, and Gabino drank a lot. The trial court found that Maria did not counsel Gabino about the divorce, and Gabino presented no evidence as to why he failed to file an answer. Although the evidence was conflicting, the trial court resolved the conflicts in favor of Maria. The trial court filed findings of fact and conclusions of law finding that Gabino was validly served with the divorce papers, but he did not file an answer. The trial court further found that Gabino was not counseled by Maria "not to worry about divorce," and he provided no evidence as to why he failed to file an answer to the divorce petition. The trial court's conclusions of law were: (1) Gabino did not provide sufficient evidence to the court to show he had a prima facie meritorious defense to the default divorce, and (2) Gabino's own negligence in failing to file an answer, unmixed with any other, resulted in the default judgment against him.

■ In a non-jury case, the trial court's findings of fact have the same force and dignity as does a jury verdict on special issues. *Houston v. Harris County*

*Outdoor Adv.*, 879 S.W.2d 322, 327 (Tex. App.-Houston[14th Dist.] 1994, writ denied), *cert. denied*, 516 U.S. 822, 116 S.Ct. 85, 133 L.Ed.2d 42 (1995). Because the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony, we may not substitute our judgment for that of the trial court's simply because we may disagree with the court's findings. *Id.*We may set aside the finding only if the evidence is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Superior Derrick Services v. Anderson*, 831 S.W.2d 868, 871 (Tex.App.-Houston[14th Dist.]1992, writ denied).

■ Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Spiller v. Spiller*, 901 S.W.2d 553, 556 (Tex.App.-San Antonio1995, writ denied). Conclusions of law will not be reversed, unless they are erroneous as a matter of law. *Hitzelberger v. Samedan Oil Corp.*, 948 S.W.2d 497, 503 (Tex.App.-Waco1997, pet.denied). In addition, a trial court's conclusions of law are reviewed de novo as legal questions. *Id.* Incorrect conclusions of law will not require a reversal, however, if the controlling finding of facts will support a correct legal theory. *Id.*

We find the trial court correctly concluded that Gabino's own negligence in failing to file an answer, unmixed with any other, resulted in the default judgment against him. This is an essential element to making a prima facie case for a bill of review. *Baker v. Goldsmith*, 582 S.W.2d at 408. Because Gabino failed to make a prima facie case showing there was no negligence on his part in not filing an answer and contesting the divorce, there is no need to address appellant's points of error. The failure to prove his lack of negligence in appearing to contest the matter defeats his right to a bill of review. *See Amanda v. Montgomery*, 877 S.W.2d 482, 487 (Tex.

App.-Houston[1st Dist.] 1994, no writ) (because at the time of the divorce, the husband knew of circumstances which should have caused him to contest paternity, he could not obtain a bill of review thereafter to challenge paternity). The trial court's finding that the default divorce was a result of Gabino's negligence is not against the great weight and preponderance of the evidence. The conclusion of law finding Gabino's negligence, unmixed with any other, resulted in the default divorce is supported by the evidence. We overrule Gabino's points of error one, two, three, and four, and affirm the judgment of the trial court.

Justice EDELMAN concurs in the result only.