Reversed and Rendered and Opinion filed July 11, 2002














Reversed and
Rendered and Opinion filed July 11, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01043-CV

____________

 

CLARA SUTTON F/K/A CLARA GREEN, Appellant

 

V.

 

DALE JON GREEN, Appellee

 

 

 

On Appeal from
the County Court at Law

Washington County, Texas

Trial Court
Cause No. CCL-2887

 

 

 

O P I N I O
N

            Clara Sutton, f/k/a Clara Green
(“Sutton”), appeals from the trial court’s judgment granting her ex-husband’s
petition for a post-divorce division of property.  In one issue, Sutton contends the evidence is
insufficient to support the trial court’s finding that the original divorce
decree failed to divide all of the marital property.  We reverse and render.




 








Background

            Sutton filed for divorce from Dale
Green (“Green”).  The parties entered
into a mediated property settlement agreement (the “Mediated Agreement”) and
the trial court rendered judgment granting the divorce and incorporating the
terms of the Mediated Agreement. 
Subsequently, Green filed for a post-divorce division of property as
provided for in section 9.201 of the
Texas Family Code.  See Tex. Fam. Code Ann.
§ 9.201(a) (Vernon
1998).  In his petition, Green requested
the division of mineral rights related to a piece of property (the “Baranowski property”) that the parties had purchased during
their marriage from Max Baranowski (“Baranowski”).  The Baranowski property was awarded to Sutton in the Mediated
Agreement and, thus, in the decree of divorce. 
Green contends the mineral rights were simply omitted from the Mediated
Agreement and were not included in the award of the Baranowski
property to Sutton.  Therefore, he argues
the mineral rights constitute an undivided asset and should be divided by the
trial court. 

            The deed from Baranowski to Green and Sutton reserved the
following interest to Baranowski: “fifty-percent
interest in the oil, gas, and other minerals in perpetuity and an additional
twenty-five percent interest for ten years and as long thereafter as oil, gas,
or other minerals are produced.”  The
deed was also subject to an existing oil, gas, and mineral lease that had been
executed by Baranowski prior to the sale to Sutton
and Green.  That lease remained in effect
as long as oil, gas, or other minerals were produced from the property.

            The trial court granted the
post-divorce division of property and ordered that the mineral interest be
divided equally between the parties.[1] The court
made the following relevant findings of fact and conclusions of law:








            Findings of Fact 

            . . . 

2.  THE COURT FINDS that at the
time the Parties purchased the Property there was an existing mineral lease on
and to the property and there was royalty interest income;

3.  THE COURT FINDS that the
mineral interest and royalty interest income are separate and distinct estates
for [sic] the surface estate of the Property;

4.  THE COURT FINDS that the
mineral interest and royalty interest income to the property were inadvertently
omitted from the community property division . . . .

            Conclusions of Law

1.  The real property located at
5823 Baronowski Road, Brenham, Washington County,
Texas, (the “Property”) was community property of the Parties and therefore
subject to a just and right division;

2.  The mineral interest and
royalty interest income were severed from the surface estate of the Property
and therefore are separate and distinct estates in property to be considered by
the Court in the just and right division of community property[;]

3.  The mineral interest and
royalty interest income to the Property, omitted in the Final Decree of Divorce, was subject to post-decree division by
this Court.  . . .

Issue

            In one issue, Sutton contends the
evidence is legally insufficient to support the court’s finding that the
mineral interest was a separate and distinct estate from the surface
estate.  Sutton argues that because the
evidence is legally insufficient to support the trial court’s conclusion that
the mineral interest in the property was severed from the surface estate,  no property was left undivided in the
Mediated Agreement or the decree of divorce. Thus, she asserts the trial court
had no authority to grant the post-divorce division of property. 

                                                            Standard of Review

            Findings of fact are accorded the
same force and dignity as a jury verdict on special issues.  Gone v.
Gone, 993 S.W.2d 845, 847 (Tex. App.—Houston [14th Dist.] 1999, pet.
denied); McPherren v. McPherren,
967 S.W.2d 485, 489 (Tex. App.—El Paso 1998, no pet.).  When supported by competent evidence,
findings of fact are generally binding on the appellate court.  Puri v. Mansukhani, 973
S.W.2d 701, 708; McPherren,
967 S.W.2d at 489 (Tex. App.—Houston [14th Dist.] 1998, no pet.).  A legal sufficiency point will be sustained
when: (1) there is a complete absence of evidence of a vital fact; (2) the
court is barred by rules of law or of evidence from giving weight to the only
evidence offered to prove a vital fact; (3) the evidence offered to prove a
vital fact is no more than a mere scintilla; or (4) the evidence conclusively
establishes the opposite of a vital fact. 
Osteen v. Osteen, 38 S.W.3d
809, 813 (Tex. App.—Houston [14th
Dist.] 2001, no pet.).  If the record
contains any evidence of probative force to support the court’s findings, the
legal insufficiency challenge must be overruled.  ACS
Investors, Inc. v. McLaughlin, 943
S.W.2d 426, 430 (Tex. 1997); Vannerson v. Vannerson,
857 S.W.2d 659, 666 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

Post-Divorce
Property Division

            A division of the community estate
may be effectuated by court order following a contested evidentiary hearing or
by an agreement of the parties.  Soto v. Soto, 936 S.W.2d 338, 340 (Tex.
App.—El Paso 1996, no writ).  Once the
marital estate is divided, “[a] court may not amend, modify, alter, or change
the division of property made or approved in the decree of divorce or
annulment.”  Tex. Fam. Code Ann. § 9.007(a) (Vernon
1998).  An order that amends, modifies,
alters, or changes the division of property made or approved in a final decree
of divorce is beyond the trial court’s power and is unenforceable. Id. § 9.007(b). 
After entry of a divorce decree, if the trial court did not dispose of
all community property, the former spouses become tenants-in-common or joint
owners of the property.  Busby v. Busby, 457 S.W.2d 551, 554-55 (Tex. 1970); Mayes v. Stewart, 11 S.W.3d 440, 448 (Tex. App.—Houston [14th
Dist.] 2000, pet. denied); Burgess v.
Easley, 893 S.W.2d 87, 90 (Tex. App.—Dallas 1994, no writ).  The proper method for addressing an undivided
or overlooked asset is a partition suit. 
In a post-divorce partition suit, the court has the power to divide the
asset in any manner that it deems just and right. See Tex. Fam. Code Ann. § 9.203(a) (Vernon 1998).  Cf. Tex. Prop. Code Ann. § 23.001 (Vernon 2000) (compelling partition among
joint owners).

 class=Section4>

Discussion

            Sutton argues that her  award of the property in the mediated
settlement agreement and in the decree of divorce included the mineral
estate.  In reply, Green submits that the
mineral estate had been severed from the surface estate at the time the
existing lease on the property was executed, and thus, the mineral estate must
pass as a separate and distinct estate.

            It is well settled in Texas that once
mineral rights are severed, two separate and distinct estates (the mineral
estate and the surface estate) are created, each of which is capable of
separate ownership and sale.  See, e.g., Glasscock Underground Water Conserv. Dist. v. Pruit, 915
S.W.2d 577, 583 (Tex. App.—El Paso 1996, no writ).  Green argues that an oil and gas lease is a
transfer of realty operating to effectuate a complete severance of the mineral
estate from the surface estate.  For
support, he relies on Stephens County v.
Mid-Kansas Oil & Gas Co., 254 S.W. 290 (Tex.
1923).  In Stephens County, the court held that the
rights in the oil and gas under a piece of property were as susceptible to
severance from the rest of the property as were the solid minerals.  Id. at
292.  The court did not hold, as
suggested by Green, that the severance of some rights from the surface estate
via an oil and gas lease necessarily severs the entire mineral estate.

            Moreover, in Birdwell v. Am. Bonding Co., 337 S.W.2d 120 (Tex. App.—Fort Worth
1960, writ ref’d n.r.e.),
the court held that any mineral rights not severed from the original bundle of
property rights continue to pass with, and remain unsevered
from, the surface estate.  Id. at 131 (citing Thomas
v. Southwestern Settlement & Dev. Co., 123 S.W.2d 290, 300 (Tex. 1939)).[2]  In Thomas,
the court held that one owner’s undivided and unsevered
interest in a piece of property would not be affected by another owner’s
attempt to sever the 

 class=Section5>

mineral
rights in the whole property.   Thomas, 123 S.W.2d at 300.  In other words, the first owner retains his
interest in the property with the mineral estate and the surface estate unsevered and unsegregated one
from the other.  Id.

            The record reflects that the
evidence before the court at the hearing on Green’s post-divorce partition suit
included the warranty deeds, the Mediated Agreement, and the property appraisal.  The warranty deeds do not support the trial
court’s finding that the mineral estate had been severed from the surface
estate.  Although Baranowski
had executed an oil, gas and mineral lease on the Baranowski
property prior to the conveyance to Sutton and Green, the rights granted in
that lease constituted only a partial severance of the mineral estate.  When Baranowski
reserved an interest in the mineral estate in the deed to Sutton and Green, the
reserved rights also constituted a partial severance.  Thereafter, Sutton and Green took title to
all remaining, or unsevered, rights in the Baranowski property, which included the mineral interest
and any associated royalty interest that Baranowski
had not reserved.  The property appraisal
does not address whether there was a complete or a partial severance of the
mineral estate.  We find no evidence to
support the trial court’s finding that the couple’s mineral interest had been
severed from their other rights in the property.  See
Merrell Dow Pharms., Inc. v. Havner,
953 S.W.2d 706, 711 (Tex. 1997); City of Houston v. Precast
Structures, Inc., 60 S.W.3d 331, 335 (Tex. App.—Houston [14th
Dist.] 2001, pet. denied). 

            At the final hearing on the parties’
divorce, the parties testified that their agreement as to the division of their
marital estate was set forth in Exhibit 1, which had been introduced into
evidence.  Exhibit 1 is a copy of the
parties’ Mediated Agreement.  The Mediated
Agreement specifically awarded the Baranowski
property to Sutton and did not contain a reservation of the mineral
interest.   When a piece of property is
conveyed without an express reservation of rights, the person conveying the
property passes all the rights he or she has in the property.  Cockrell
v. Tex. Gulf Sulphur Co., 299 S.W.2d 672, 675 (Tex. 1957); Neel v. Alpar Res., Inc., 797 S.W.2d 361, 365 (Tex.
App.—Amarillo 1990, no writ); 4 Fred A.
Lange & Aloysius A. Leopold, Texas Practice: Land Titles & Title
Examination § 745, at 232 (2d ed. 1992). 
Because the community’s interest in the real property included the
mineral interest, the trial court’s rendition of judgment incorporating the
Mediated Agreement conveyed the community’s entire interest to Sutton.  See
Cockrell, 299 S.W.2d at 675. 
Accordingly, we hold the evidence is legally insufficient to support the
court’s finding that the divorce decree did not divide the mineral
interest.  See Merrell Dow, 953
S.W.2d at 711; Precast Structures, 60 S.W.3d at 335.  Consequently, the trial court erred in
granting the relief requested in the petition for post-divorce division of
property.  See Tex. Fam. Code Ann.
§§ 9.007, 9.201  (Vernon 1988).

            The judgment of the trial court is
reversed.  We render judgment that Dale
Jon Green take nothing on his Original Petition for Post-Divorce Division of
Property.  We further order that the
trial court’s original judgment and divorce decree be reinstated.

 

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Opinion filed July 11,
 2002.

Panel
consists of Justices Yates, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.3(b).

 











            [1]  The parties entered into a Rule 11 agreement
wherein they agreed that they would each receive a 50 percent interest in the
mineral rights; however, both sides reserved their right to appeal the trial
court’s finding that the asset was not divided at the time of divorce.  





            [2]  In Birdwell,
the court stated:

Until any
particular fractional or percentage interest of the mineral estate has been
initially vested (through grant or reservation) in one other than the owner or
owners of the surface estate said interest in the mineral estate is not to be
treated as having been ‘severed’ from the surface estate.  Therefore, if a grantor owns the surface
estate and a fractional interest in the mineral interest underlying the same
which has never been severed, as through grant or reservation, his ownership is
to an entire estate unsevered.

            Birdwell, 337
S.W.2d at 131.