Harold CALDWELL, Appellant,

v.

Robert F. BARNES, Appellee.

No. 13–00–458–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Feb. 20, 2003.

Rehearing Overruled June 5, 2003.

Gus E. Pappas, Dabney & Pappas, Houston, for appellant.

Kelly K. McKinnis, Thomas O. Matlock, Jr., McAllen, for appellee.

Before Justices YAÑEZ, RODRIGUEZ, and DORSEY.[1]

## MEMORANDUM OPINION

Opinion by Justice YAÑEZ.

Appellant, Harold Caldwell, appeals from the trial court's denial of a bill of review that requested the trial court to set aside a default judgment in favor of appellee, Robert F. Barnes. Specifically, Caldwell contends the trial court erred in: (1) not granting him a trial on his bill of review; (2) requiring a *prima facie* hearing to determine his entitlement to a bill of review trial and in failing to apply the proper standard of review at the hearing; and (3) failing to grant his bill of review as a matter of law and proceeding to trial on the underlying case. We affirm.

As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. *See* TEX.R.APP. P. 47.4. We briefly detail, however, the recent procedural history of the case insofar as necessary to explain our disposition.

Caldwell filed a bill of review to set aside a default judgment granted in favor of Barnes. In our original opinion, issued on October 10, 1996, we affirmed the judgment. *See Caldwell v. Barnes,* 941 S.W.2d 182, 190 (Tex.App.-Corpus Christi 1996), *rev'd,* 975 S.W.2d 535 (Tex.1998). The supreme court reversed, noting that a genuine issue of fact remained regarding whether default judgment was rendered against Caldwell without service. *Caldwell,* 975 S.W.2d at 537. The supreme court reversed the judgment and remanded to the trial court for further proceedings. *Id.* at 539.

On June 7 and 8, 2000, the trial court held a hearing on the issue of notice. On June 15, 2000, the trial court denied the bill of review. Thereafter, pursuant to an order of this Court issued on February 14, 2002, we abated the appeal and ordered the trial court to issue findings of fact as to whether Caldwell was served with process in the underlying suit.

In a letter dated April 4, 2002, the trial court made the following findings of fact:

1) The credibility and interest of witnesses presented at the hearing was in issue;

---

1. Retired Justice J. Bonner Dorsey, who concluded his term of office on December 31, 2002, continues to sit on this Court by assignment of the Chief Justice of the Texas Supreme Court pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2) Harold Caldwell has a custom and practice of being "served" individually and on behalf of corporations with petitions and not "answering" such lawsuits allowing default judgments to be entered;

3) Dewayne Perdew gave at least two completely contradictory statements under oath regarding the service in question;

4) Lucille Lackley's [sic] credibility was also called into question; and

5) Harold Caldwell was served in the underlying case which resulted in a default judgment.

The trial court's findings of fact were forwarded to this Court by a supplemental clerk's record filed May 17, 2002.

In a non-jury case, the trial court's findings of fact have the same force and dignity as does a jury verdict on special issues. *Gone v. Gone,* 993 S.W.2d 845, 847 (Tex. App.-Houston [14th Dist.] 1999, pet. denied) (holding bill of review was properly denied by trial court because appellant's own negligence in failing to file answer, unmixed with any other, resulted in default judgment against him). Because the trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony, we may not substitute our judgment for that of the trial court's simply because we may disagree with the court's findings. *Id.* at 848. We may set aside the finding only if the evidence is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*

A bill of review is an independent equitable proceeding by a party to a former action who seeks to set the judgment aside when it is no longer appealable or subject to a motion for new trial. *Caldwell,* 975 S.W.2d at 537. To challenge a judgment by bill of review successfully, the petitioner must ordinarily allege and prove three

elements: (1) a meritorious claim or defense, (2) that he was prevented from asserting by the fraud, accident, or wrongful act of his opponent or a court official in the exercise of official duties, (3) unmixed with any fault or negligence of his own. *Id.*

Before conducting a full trial on the bill of review, a court may conduct a hearing at which the complainant is to present *prima facie* proof to support his contended defense. *Gone,* 993 S.W.2d at 847 (citing *Baker v. Goldsmith,* 582 S.W.2d 404, 409 (Tex.1979)). A petitioner for a bill of review is required to show that the need for a bill of review is through no negligence of his own. *Hernandez v. Koch Mach. Co.,* 16 S.W.3d 48, 58 (Tex.App.-Houston [1st Dist.] 2000, pet. denied); *Ortmann v. Ortmann,* 999 S.W.2d 85, 90 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (holding petitioner seeking a bill of review must prove that reason he failed to assert a defense in underlying action was unmixed with any fault or negligence on his part). This is an essential element to make a *prima facie* bill of review case. *See Caldwell,* 975 S.W.2d at 537; *Baker,* 582 S.W.2d at 406–07.

Here, the trial court held a hearing and admitted evidence on the issue of notice. The trial court heard conflicting evidence regarding whether Caldwell was served with process in the underlying suit. The trial court resolved the conflicts and issued findings of fact that Caldwell was served in the underlying suit.

We find the trial court could have correctly concluded that Caldwell's own negligence in failing to file an answer, unmixed with any other, resulted in the default judgment against him. This is an essential element to making a *prima facie* case for a bill of review. *Gone,* 993 S.W.2d at 848. Caldwell's failure to make a *prima facie* case showing there was no negligence on

his part in not filing an answer defeats his right to a bill of review. *See id.*

We overrule Caldwell's points of error and AFFIRM the judgment of the trial court.