NO. 07-05-0139-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 16, 2005



______________________________



IN THE MATTER OF THE MARRIAGE OF


VALARIE V. MANLEY AND REX V. MANLEY


_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. DR-04E-086; HONORABLE ROLAND SAUL, JUDGE


_______________________________




Before QUINN, C.J, and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Valarie V. Manley (Valarie), appeals from the trial court's order granting
appellee's, Rex. V. Manley (Rex), Motion for No Evidence Summary Judgment and denying
Valarie's Petition for Bill of Review. We reverse and remand.

BACKGROUND

 Rex filed for divorce from Valarie. Although Valarie was properly served with citation
regarding this divorce action, she did not file an answer or otherwise participate in the
divorce proceedings. As a result, Rex obtained a default divorce on September 25, 2003.

 After discovering that Rex had obtained a divorce by default, Valarie filed a petition
for bill of review in May of 2004. Prior to trial on Valarie's bill of review, Rex filed a motion
for no evidence summary judgment contending that Valarie could not produce evidence
that her failure to present her meritorious defense to the divorce was unmixed with her own
negligence. Valarie filed a response to the motion, which included affidavits from Valarie
and her sister. After hearing arguments, the trial court granted Rex's motion for summary
judgment and denied Valarie's request for bill of review. 

 By one issue, Valarie appeals. Valarie contends that the trial court erred in finding
there was no evidence that any fraud, accident, or wrongful act on the part of Rex was
unmixed with any negligence committed by Valarie.

STANDARD OF REVIEW

 A no-evidence summary judgment is essentially a pretrial directed verdict, and we
apply the same legal sufficiency standard in reviewing a no-evidence summary judgment
as we apply in reviewing a directed verdict. See Aguirre v. South Texas Blood & Tissue
Center, 2 S.W.3d 454, 456 (Tex.App.-San Antonio 1999, pet. denied); Roth v. FFP
Operating Partners, L.P., 994 S.W.2d 190, 195 (Tex.App.-Amarillo 1999, pet. denied). 
When reviewing a no evidence summary judgment, we must determine whether the non-movant produced any evidence of probative force to raise a fact issue on the element
challenged by the movant. See Roth, 994 S.W.2d at 195. In deciding whether there is a
material fact issue precluding summary judgment, evidence favorable to the non-movant
will be taken as true. Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984). Every
reasonable inference from the evidence must be indulged in favor of the non-movant and
any doubts resolved in his favor. Id. A no-evidence summary judgment is improperly
granted if the non-movant presents more than a scintilla of probative evidence to raise a
genuine issue of material fact as to the element on which the motion is based. Roth, 994
S.W.2d at 195.

BILL OF REVIEW

 A bill of review is an equitable action brought by a party to a previous suit seeking
to set aside a judgment which is no longer appealable or subject to a motion for new trial. 
See King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). To successfully
challenge a judgment by bill of review, the petitioner must prove: (1) a meritorious defense
to the cause of action, (2) that petitioner was prevented from making the defense by the
fraud, accident, or wrongful act of the opposite party, and (3) that the failure to make the
defense was unmixed with any fault or negligence of the petitioner. Id. The second
requirement may also be satisfied by reliance on erroneous official information given by a
court official which prevented the bill of review petitioner from making the defense. See
Baker v. Goldsmith, 582 S.W.2d 404, 407 (Tex. 1979). 

ANALYSIS

 By his motion for summary judgment, Rex contended that Valarie could not produce
evidence that her negligence did not contribute to her inability to present her defense, the
third element necessary for a bill of review. Taking Valarie's summary judgment proof as
true, as we must, see Montgomery, 669 S.W.2d at 311, her affidavits (1) present two
explanations for her failure to make her defense: (1) Rex repeatedly represented to Valarie
that he had or was going to dismiss the divorce, and (2) a representative of the "County
Clerk[']s office" informed Valarie that no pending divorce action between Rex and Valarie
could be located. We must determine whether Valarie was negligent in failing to file an
answer in the divorce in reliance upon the representations of Rex and the clerk. (2)

 According to Valarie's affidavit, Rex asked Valarie, within a week of her receipt of
the divorce petition, if she would agree with his dismissal of the divorce proceeding. Valarie
agreed to the dismissal. In March, Valarie asked Rex "several times" if he had dismissed
the divorce and he informed her that he had contacted his attorney to have the action
dismissed. Valarie attempted to contact Rex's attorney to confirm the dismissal of the
divorce, but was unable to obtain this information. Valarie had her sister contact Rex to
determine the status of the divorce and Rex told Valarie's sister that the divorce had been
dismissed. Valarie also contacted a "County Clerk[']s office" and was informed that no
pending divorce action could be located. (3) Taking the evidence presented by Valarie as
true, we conclude that Valarie raises genuine issues of material fact as to whether she
acted without negligence in relying on the representations of Rex and as to whether she
exercised reasonable diligence in determining that she did not need to file an answer.

 Rex cites Gone v. Gone, 993 S.W.2d 845 (Tex.App.-Houston [14th Dist.] 1999, no
pet.), and Ramos v. Ramos, No. 01-98-00913-CV, 2000 Tex.App. LEXIS 8042
(Tex.App.-Houston [1st Dist.] 2000, pet. denied), for the proposition that, after proper
service is had upon a party to a lawsuit, reliance upon erroneous representations of
dismissal by the opposing party constitutes negligence as a matter of law. However, both
of these cases involved review of the actual bill of review proceedings, in which the burden
of proof is on the petitioner, rather than summary judgments, where the burden is on the
movant. 

 In Gone, the trial court found that the bill of review respondent did not represent to
the bill of review petitioner that the divorce had been dismissed and, in the absence of any
other explanation, further found that the bill of review petitioner had provided no evidence
of why he failed to file an answer to the divorce. Gone, 993 S.W.2d at 847. By contrast,
the trial court made no such finding in the present case. Further, because we must accept


Valarie's affidavit evidence as true, we must conclude that Rex did represent to Valarie that
he had dismissed the divorce. As a result, we conclude that Gone is inapposite.

 In Ramos, an unpublished opinion, the bill of review petitioner relied upon the
representation of the respondent's attorney that the respondent intended to dismiss the
divorce and that, if she did not, the attorney would notify the petitioner of any future court
settings. Ramos, 2000 Tex.App. LEXIS 8042, at *11. Citing Gone, the Ramos court
concluded that the bill of review petitioner's "lack of diligence in failing to file an answer
after receiving notice of the divorce action . . . was negligence that contributed to the entry
of the default judgment against him." Id. at *12. However, we fail to see how Gone
supports the Ramos court's conclusion. Further, it appears that the Ramos petitioner made
no effort to confirm the dismissal of the divorce. By contrast, Valarie's summary judgment
evidence raises a material fact issue as to whether she exercised reasonable diligence in
attempting to confirm that Rex had dismissed the divorce.

 Thus, we conclude that neither the Gone or Ramos opinions apply to our review of
the summary judgment rendered in this case. Further, we conclude that Rex has failed to
show that Valarie's failure to file an answer, after proper service, based on erroneous
representations of dismissal made by him constitutes negligence as a matter of law. CONCLUSION

 We conclude that Valarie's summary judgment evidence raises a genuine issue of
material fact as to whether her reliance upon Rex's representations that he had dismissed
the divorce was non-negligent. Therefore, we reverse the Order Granting Respondent's
Motion for No Evidence Summary Judgment and remand this cause to the trial court for
further proceedings.


 Mackey K. Hancock

 Justice





 
1. We note that Rex objected, at the summary judgment hearing, to the affidavits
constituting and containing hearsay. The context in which the court stated that "On those
grounds, it will be admitted" makes it unclear whether the court was ruling that the affidavit
was being admitted excluding those portions which were hearsay, or that the affidavit, as
presented, was being accepted as an affidavit, or both. Thus, we are uncertain whether
the trial court ruled on Rex's hearsay objection. See Tex. R. App. P. 33.1(a)(2)(A). 

 Further, both at the hearing and on appeal, Rex indicates only that the affidavits are
"composed of hearsay statements." However, a general objection that an affidavit contains
hearsay is insufficient to direct our attention to those portions which are objectionable. See
Jensen Constr. Co. v. Dallas County, 920 S.W.2d 761, 769 (Tex.App.-Dallas 1996, writ
denied).
2. Because we conclude that Valarie's summary judgment evidence raises a material
fact question as to whether she was negligent in relying on Rex's representations that the
divorce had been dismissed, we need not address the issue of Valarie's reliance on the
representations of the clerk. See Tex. R. App. P. 47.1.
3. We express no opinion as to whether the information received by Valarie from the
"County Clerk[']s office" constituted a mistake or error of a functionary of the court in the
discharge of their official duties. See Baker, 582 S.W.2d at 407. Rather, we note Valarie's
attempt to contact a clerk as relevant to the determination of whether Valarie has raised a
genuine fact issue relating to the diligence she exercised in determining whether she
needed to file an answer in the divorce.



s's claim challenges the validity of a policy rather than of an instrument,
statute, ordinance, contract, or franchise, the Uniform Declaratory Judgment Act does not
remove governmental immunity for Ackers's primary claim for declaratory relief and,
therefore, it is barred by governmental immunity.

 While Ackers's challenge of the constitutionality of the City's policy is not specifically
identified in section 37.004(a), we conclude that the failure of the section to specifically list
a city's policy as being capable of challenge by declaratory action does not mean that such
an action is barred by governmental immunity. First, section 37.003(c) provides that the
enumerations in Section 37.004 "do not limit or restrict the exercise of the general powers
conferred by this section in any proceeding in which declaratory relief is sought and a
judgment or decree will terminate the controversy or remove an uncertainty." Tex. Civ.
Prac. & Rem. Code Ann. § 37.003(c) (Vernon 1997). We conclude that the primary
declaration sought by Ackers in the present case will remove uncertainty regarding rights
and will resolve the controversy regarding whether the City's policy is valid. Further,
because Ackers is not requesting monetary damages, but rather is seeking a declaration
that the City's policy is unconstitutional, he does not need an express statutory waiver of
governmental immunity to seek declaratory relief. See Tex. Natural Res. Conservation
Comm'n, 74 S.W.3d at 855. As a result, we conclude that Ackers's request for a
declaration that any policy or procedure of the City that was used to justify any unlawful
action taken against Ackers be found to be unconstitutional and declared void as a matter
of law falls within the scope of the Uniform Declaratory Judgment Act. However, because
this request for declaratory relief does not seek to impose liability on the City, an express
statutory waiver of governmental immunity is not required for the trial court's exercise of
subject matter jurisdiction.

 The City argues that Ackers's Discovery Control Plan allegation that the suit involves
a defendant who is likely to be liable in an amount in excess of $50,000 establishes that
his claims are actually claims for monetary damages and are, therefore, barred by the
doctrine of governmental immunity. However, in his live pleading, Ackers makes a claim
that would entitle him to monetary damages. The Texas Constitution permits a party to
seek equitable relief in the form of adequate compensation for a governmental taking of
their property. See Tex. Const. art. I, sec. 17; City of Beaumont v. Bouillion, 896 S.W.2d
143, 149 (Tex. 1995). Because Ackers's live pleading includes a taking claim, for which
monetary damages may be awarded, we do not construe his primary request for
declaratory judgment to be a veiled claim for monetary damages.

 However, even were we to construe Ackers's primary request for declaratory relief
to request monetary damages, the trial court should not have dismissed his case without
first giving Ackers an opportunity to amend his pleadings. See Fryman v. Wilbarger Gen.
Hosp., 207 S.W.3d 440, 442 (Tex.App.-Amarillo 2006, no pet. h.). The record does not
reflect that Ackers was afforded an opportunity to amend his pleadings before the trial
court dismissed his case with prejudice. Thus, even if the construction of Ackers's
pleading that is advanced by the City were accepted, Ackers could amend his pleading to
remove the assertion that the defendant will likely be liable in excess of $50,000 from his
identification of the Discovery Control Plan. 

Findings of Fact and Conclusions of Law

 By his third issue, Ackers contends that the trial court's findings of fact and
conclusions of law relate solely to the merits of the suit and, therefore, are immaterial to
a determination of whether the trial court has subject matter jurisdiction over Ackers's suit. 
The trial court made factual findings that the LPD officers involved in this matter "were
acting within the scope of their official duties as city police officers during the investigation"
and that the actions of the officers were "proper and lawful as a response to keep the
peace." The trial court made conclusions of law that the City "is immune from liability" in
this case, the City is "immune from liability for the actions of its peace officers" in this case,
and Ackers "demonstrated no waiver" of the City's immunity. 

 Based on the scope of our review of a ruling on a plea to the jurisdiction, we
conclude that the trial court's findings of fact are not supported by evidence or Ackers's
pleading and relate to the merits of the case rather than to the trial court's authority to hear
the case. The scope of our review of a ruling on a plea to the jurisdiction is limited to the
claims in the plaintiff's pleadings, taking the facts pled therein as true, to determine
whether those facts support the trial court's jurisdiction. Nueces County, 97 S.W.3d at 213. 
Evidence submitted that is necessary to resolve the issue of jurisdiction must also be
considered. Bland Indep. Sch. Dist., 34 S.W.3d at 555. In the present case, no evidence
necessary to resolution of the jurisdictional issue was submitted. Thus, our review of the
jurisdictional issue is limited to the allegations made in Ackers's live pleading. Nowhere
does Ackers allege facts that would support the trial court's factual findings that the LPD
officers were acting within the scope of their official duties during the investigation of the
present matter. Further, Ackers makes no allegation that the reason that the officers
became involved in this matter was because they received a "request to keep the peace." 
Consequently, we see no support in the record before us for either of the trial court's
findings of fact. Further, we note that the trial court's findings go to the merits of Ackers's
claims and are, therefore, immaterial to a ruling on a plea to the jurisdiction. Bland Indep.
Sch. Dist., 34 S.W.3d at 554. 

 As to the trial court's conclusions of law, each is subject to de novo review by this
court. Mayhew, 964 S.W.2d at 928. As addressed in regard to Ackers's first issue, Ackers
may bring certain declaratory judgment actions against a governmental entity without
express legislative consent or statutory waiver of immunity. Nueces County, 97 S.W.3d
at 217-18. Because Ackers pled a claim for declaratory judgment that we construe as not
requesting monetary damages, the City is not immune from the suit and the trial court's
dismissal was in error. (3)

Conclusion

 For the foregoing reasons, we reverse the trial court's judgment and remand for
further proceedings consistent with this opinion.


 Mackey K. Hancock

 Justice




1. In review of a trial court's ruling on a plea to the jurisdiction, we must take all
factual allegations pled as true, unless jurisdictionally relevant evidence was offered that
negates jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000);
Nueces County v. Ferguson, 97 S.W.3d 205, 213 (Tex.App.-Corpus Christi 2002, no pet.). 
All facts recited in this opinion are from Ackers's live pleading unless otherwise noted.
2. We note that Texas Penal Code section 21.15 makes it an offense to photograph
another without the person's consent and with intent to arouse or gratify the sexual desire
of any person. See Tex. Pen. Code Ann. § 21.15(b) (Vernon Supp. 2007). The City's
policy, as alleged by Ackers, removes the mens rea element of this offense. Thus,
Ackers's pleading is not challenging the validity of section 21.15 nor is the City's policy
authorized by this section.
3. We note that the trial court's conclusions of law specifically reference the City's
immunity from liability. For a declaratory judgment action to avoid the bar of governmental
immunity, it may not seek monetary damages. Tex. Natural Res. Conservation Comm'n,
74 S.W.3d at 855; Nueces County, 97 S.W.3d at 218. As a result, our analysis of Ackers's
primary declaratory judgment claim establishes only that the City is not immune from suit
and does not negate the court's conclusion that the City is immune from liability. However,
Ackers's claim for adequate compensation for a governmental taking does implicate the
court's conclusions.