NO. 07-05-0139-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 16, 2005

_____

IN THE MATTER OF THE MARRIAGE OF
VALARIE V. MANLEY AND REX V. MANLEY
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. DR-04E-086; HONORABLE ROLAND SAUL, JUDGE
_____

Before QUINN, C.J, and REAVIS and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Valarie V. Manley (Valarie), appeals from the trial court's order granting appellee's, Rex. V. Manley (Rex), Motion for No Evidence Summary Judgment and denying Valarie's Petition for Bill of Review. We reverse and remand.

BACKGROUND

Rex filed for divorce from Valarie. Although Valarie was properly served with citation regarding this divorce action, she did not file an answer or otherwise participate in the divorce proceedings. As a result, Rex obtained a default divorce on September 25, 2003.

After discovering that Rex had obtained a divorce by default, Valarie filed a petition for bill of review in May of 2004. Prior to trial on Valarie's bill of review, Rex filed a motion for no evidence summary judgment contending that Valarie could not produce evidence that her failure to present her meritorious defense to the divorce was unmixed with her own negligence. Valarie filed a response to the motion, which included affidavits from Valarie and her sister. After hearing arguments, the trial court granted Rex's motion for summary judgment and denied Valarie's request for bill of review.

By one issue, Valarie appeals. Valarie contends that the trial court erred in finding there was no evidence that any fraud, accident, or wrongful act on the part of Rex was unmixed with any negligence committed by Valarie.

## STANDARD OF REVIEW

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. See Aguirre v. South Texas Blood & Tissue Center, 2 S.W.3d 454, 456 (Tex.App.–San Antonio 1999, pet. denied); Roth v. FFP Operating Partners, L.P., 994 S.W.2d 190, 195 (Tex.App.–Amarillo 1999, pet. denied). When reviewing a no evidence summary judgment, we must determine whether the non-movant produced any evidence of probative force to raise a fact issue on the element challenged by the movant. See Roth, 994 S.W.2d at 195. In deciding whether there is a material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Montgomery v. Kennedy, 669 S.W.2d 309, 311 (Tex. 1984). Every

reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. Id. A no-evidence summary judgment is improperly granted if the non-movant presents more than a scintilla of probative evidence to raise a genuine issue of material fact as to the element on which the motion is based. Roth, 994 S.W.2d at 195.

## BILL OF REVIEW

A bill of review is an equitable action brought by a party to a previous suit seeking to set aside a judgment which is no longer appealable or subject to a motion for new trial. See King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). To successfully challenge a judgment by bill of review, the petitioner must prove: (1) a meritorious defense to the cause of action, (2) that petitioner was prevented from making the defense by the fraud, accident, or wrongful act of the opposite party, and (3) that the failure to make the defense was unmixed with any fault or negligence of the petitioner. Id. The second requirement may also be satisfied by reliance on erroneous official information given by a court official which prevented the bill of review petitioner from making the defense. See Baker v. Goldsmith, 582 S.W.2d 404, 407 (Tex. 1979).

## ANALYSIS

By his motion for summary judgment, Rex contended that Valarie could not produce evidence that her negligence did not contribute to her inability to present her defense, the third element necessary for a bill of review. Taking Valarie's summary judgment proof as

3

true, as we must, see Montgomery, 669 S.W.2d at 311, her affidavits[1] present two explanations for her failure to make her defense: (1) Rex repeatedly represented to Valarie that he had or was going to dismiss the divorce, and (2) a representative of the "County Clerk[']s office" informed Valarie that no pending divorce action between Rex and Valarie could be located. We must determine whether Valarie was negligent in failing to file an answer in the divorce in reliance upon the representations of Rex and the clerk.[2]

According to Valarie's affidavit, Rex asked Valarie, within a week of her receipt of the divorce petition, if she would agree with his dismissal of the divorce proceeding. Valarie agreed to the dismissal. In March, Valarie asked Rex "several times" if he had dismissed the divorce and he informed her that he had contacted his attorney to have the action dismissed. Valarie attempted to contact Rex's attorney to confirm the dismissal of the divorce, but was unable to obtain this information. Valarie had her sister contact Rex to determine the status of the divorce and Rex told Valarie's sister that the divorce had been

---

[1] We note that Rex objected, at the summary judgment hearing, to the affidavits constituting and containing hearsay. The context in which the court stated that "On those grounds, it will be admitted" makes it unclear whether the court was ruling that the affidavit was being admitted excluding those portions which were hearsay, or that the affidavit, as presented, was being accepted as an affidavit, or both. Thus, we are uncertain whether the trial court ruled on Rex's hearsay objection. See TEX. R. APP. P. 33.1(a)(2)(A).

Further, both at the hearing and on appeal, Rex indicates only that the affidavits are "composed of hearsay statements." However, a general objection that an affidavit contains hearsay is insufficient to direct our attention to those portions which are objectionable. See Jensen Constr. Co. v. Dallas County, 920 S.W.2d 761, 769 (Tex.App.–Dallas 1996, writ denied).

[2] Because we conclude that Valarie's summary judgment evidence raises a material fact question as to whether she was negligent in relying on Rex's representations that the divorce had been dismissed, we need not address the issue of Valarie's reliance on the representations of the clerk. See TEX. R. APP. P. 47.1.

4

dismissed. Valarie also contacted a "County Clerk[']s office" and was informed that no pending divorce action could be located.[3] Taking the evidence presented by Valarie as true, we conclude that Valarie raises genuine issues of material fact as to whether she acted without negligence in relying on the representations of Rex and as to whether she exercised reasonable diligence in determining that she did not need to file an answer.

Rex cites Gone v. Gone, 993 S.W.2d 845 (Tex.App.–Houston [14th Dist.] 1999, no pet.), and Ramos v. Ramos, No. 01-98-00913-CV, 2000 Tex.App. LEXIS 8042 (Tex.App.–Houston [1st Dist.] 2000, pet. denied), for the proposition that, after proper service is had upon a party to a lawsuit, reliance upon erroneous representations of dismissal by the opposing party constitutes negligence as a matter of law. However, both of these cases involved review of the actual bill of review proceedings, in which the burden of proof is on the petitioner, rather than summary judgments, where the burden is on the movant.

In Gone, the trial court found that the bill of review respondent did not represent to the bill of review petitioner that the divorce had been dismissed and, in the absence of any other explanation, further found that the bill of review petitioner had provided no evidence of why he failed to file an answer to the divorce. Gone, 993 S.W.2d at 847. By contrast, the trial court made no such finding in the present case. Further, because we must accept

---

[3] We express no opinion as to whether the information received by Valarie from the "County Clerk[']s office" constituted a mistake or error of a functionary of the court in the discharge of their official duties. See Baker, 582 S.W.2d at 407. Rather, we note Valarie's attempt to contact a clerk as relevant to the determination of whether Valarie has raised a genuine fact issue relating to the diligence she exercised in determining whether she needed to file an answer in the divorce.

Valarie's affidavit evidence as true, we must conclude that Rex did represent to Valarie that he had dismissed the divorce. As a result, we conclude that Gone is inapposite.

In Ramos, an unpublished opinion, the bill of review petitioner relied upon the representation of the respondent's attorney that the respondent intended to dismiss the divorce and that, if she did not, the attorney would notify the petitioner of any future court settings. Ramos, 2000 Tex.App. LEXIS 8042, at *11. Citing Gone, the Ramos court concluded that the bill of review petitioner's "lack of diligence in failing to file an answer after receiving notice of the divorce action . . . was negligence that contributed to the entry of the default judgment against him." Id. at *12. However, we fail to see how Gone supports the Ramos court's conclusion. Further, it appears that the Ramos petitioner made no effort to confirm the dismissal of the divorce. By contrast, Valarie's summary judgment evidence raises a material fact issue as to whether she exercised reasonable diligence in attempting to confirm that Rex had dismissed the divorce.

Thus, we conclude that neither the Gone or Ramos opinions apply to our review of the summary judgment rendered in this case. Further, we conclude that Rex has failed to show that Valarie's failure to file an answer, after proper service, based on erroneous representations of dismissal made by him constitutes negligence as a matter of law.

CONCLUSION

We conclude that Valarie's summary judgment evidence raises a genuine issue of material fact as to whether her reliance upon Rex's representations that he had dismissed the divorce was non-negligent. Therefore, we reverse the Order Granting Respondent's

6

Motion for No Evidence Summary Judgment and remand this cause to the trial court for further proceedings.


Mackey K. Hancock
Justice