Reversed and Remanded and Opinion filed March 31, 2009








Reversed and
Remanded and Opinion filed
March 31, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00650-CV

____________

 

AFRI-CARIB ENTERPRISES, INC., Appellant

 

V.

 

MABON LIMITED, Appellee

 



 

On Appeal from the 165th
District Court

Harris County, Texas

Trial Court Cause No. 1996-45876

 



 

O P I N I O N

This is an appeal of a bill of review and subsequent
summary judgment.  The trial court granted a bill of review, set aside a
default judgment, and entered summary judgment in favor of appellee Mabon
Limited.  Appellant Afri-Carib Enterprises, Inc. appeals, arguing the trial
court improperly granted the bill of review, rendering its subsequent actions
invalid as well.  We reverse and remand.








                                                   I. 
Background

Afri-Carib sued Mabon in 1996 for breach of contract. 
Mabon hired counsel and made an appearance.  When the case was called to trial
nearly two years later, neither Mabon nor its counsel appeared.  The trial
court entered a default judgment in 1998, which Mabon learned about after
collection efforts began.  That began a series of post-judgment activities,
including an unsuccessful restricted appeal[1]
and a prior bill of review.[2]

After the most recent remand, the trial court again
considered Mabon=s bill of review.  Mabon argued that it
did not receive personal notice of the trial setting or default judgment and
that the notices sent to its attorney cannot be imputed to it because its
attorney was suspended from the practice of law at the time the notices were
sent.  The trial court granted the bill of review and set aside the default
judgment, thereby restoring the parties to their prior positions in the
litigation.  It then granted summary judgment for Mabon in the underlying suit
based on limitations.

This appeal followed.  Afri-Carib argues that the trial
court erred in granting the bill of review because the evidence is insufficient
to show that Mabon did not receive notice of the trial setting and default
judgment, Mabon did not meet the requirements for a bill of review, and Mabon
is not entitled to a bill of review because of unclean hands.  Afri-Carib also
argues that because granting the bill of review was improper, granting summary
judgment in the underlying suit was also improper.








                                                      II. 
Analysis

1.  Bill of Review

a.  Controlling Law

A bill of review is an equitable proceeding brought by a
party seeking to set aside a prior judgment that is no longer appealable or
subject to a motion for new trial.  Caldwell v. Barnes, 154 S.W.3d 93,
96 (Tex. 2004).  A bill of review plaintiff must ordinarily plead and prove (1)
a meritorious defense to the underlying cause of action, (2) which he was
prevented from asserting by the fraud, accident or wrongful act of the opposing
party or official mistake, (3) unmixed with any fault or negligence on his own
part.  Id.  AThese grounds are narrow and strictly
construed because the need for equitable relief must be counter balanced
against the fundamental importance of achieving finality of judgments and the
elimination of endless litigation.@  Gone v. Gone,
993 S.W.2d 845, 847 (Tex. App.CHouston [14th Dist.] 1999, pet. denied); accord
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).

After the bill of review hearing, the trial court ruled in
favor of Mabon and then issued findings of fact and conclusions of law. 
Conclusions of law are reviewed de novo.  Gone, 993 S.W.2d at 848.  The
trial court=s findings of fact have the same weight as a jury
verdict, and we review the legal and factual sufficiency of the evidence as we
would a jury=s findings.  See CA Partners v. Spears, 274
S.W.3d 51, 69 (Tex. App.CHouston [14th Dist.] 2008, pet. filed); Gone,
993 S.W.2d at 847.  If there is more than a scintilla of evidence supporting a
finding of fact, we will overrule a legal sufficiency challenge.  CA
Partners, 274 S.W.3d at 69.  In reviewing a factual sufficiency challenge,
we consider all of the evidence and will set aside a  finding only if it is so
against the great weight and preponderance of the evidence as to be clearly
wrong and unjust.  Id.

b.  Notice








The trial court found that Mabon had no notice of the trial
setting because the notice sent to its attorney, whose law license was
suspended at the time, could not be imputed to Mabon.  In its second issue,
Afri-Carib argues that the evidence is legally and factually insufficient to
support the finding that Mabon had no notice.

It is well-settled Texas law that notice to an attorney who
is suspended or disbarred will not be imputed to the client.  See Leon=s Fine Foods of
Tex., Inc. v. Merit Inv. Partners, L.P., 160 S.W.3d 148, 154 (Tex. App.CEastland 2005, no
pet.); J.J.T.B., Inc. v. Guerrero, 975 S.W.2d 737, 739 (Tex. App.CCorpus Christi
1998, pet. denied); Langdale v. Villamil, 813 S.W.2d 187, 190 (Tex. App.CHouston [14th
Dist.] 1991, no writ).  This is because such an event prevents an attorney from
practicing law and therefore automatically severs the attorney/client
relationship.  See Cannon v. ICO Tubular Servs., Inc., 905 S.W.2d 380,
387 (Tex. App.CHouston [1st Dist.] 1995, no writ); Langdale,
813 S.W.2d at 190.

Afri-Carib argues that this rule does not apply to Mabon
because Awhatever infirmity
[its attorney] had existed before he was hired.@  The evidence
does show that Mabon=s attorney was suspended at the time Mabon
hired him.  However, Afri-Carib cites no authority for the proposition that the
notice rule is inapplicable here, particularly in the absence of any evidence
that Mabon hired its attorney knowing his license was suspended.  We conclude
that, as a matter of law, Mabon did not have constructive notice of the trial
setting based on the notices sent to Mabon=s attorney because
its attorney was not authorized to practice law at the time.  See Leon=s Fine Foods, 160 S.W.3d at
154; J.J.T.B., 975 S.W.2d at 739; Langdale, 813 S.W.2d at 190.








Afri-Carib further asserts that the evidence is
insufficient to show that Mabon=s representative did not receive actual notice
of the trial from its supposed attorney.  Mabon=s representative
testified that he did not know about the trial setting, and the court=s records show
only that a notice was sent to Mabon=s attorney of
record.  See Cannon, 905 S.W.2d at 387B88 (holding that
evidence that trial notice was sent to wrong attorney and defendant=s testimony that
he was unaware of trial setting proved he had no notice); Langdale, 813
S.W.2d at 191 (holding defendant did not receive notice of trial setting based
on defendant=s testimony that he did not receive notice and court
records showing notice sent only to former attorney).  Afri-Carib contends that
someone else at Mabon could have received the notice, but no evidence supports
that assertion.  We conclude that more than a scintilla of evidence supports
the trial court=s finding that Mabon did not have notice
of the trial, and this finding is not against the great weight and
preponderance of the evidence.  Therefore, the evidence is legally and
factually sufficient to support the trial court=s finding, and we
overrule Afri-Carib=s second issue.

c.  Diligence

In its first issue, Afri-Carib contends that the trial court
erred in granting Mabon=s bill of review because Mabon did not
establish all the elements.  A bill of review plaintiff typically must prove a
meritorious defense, wrongful conduct of the opposing party, and its own
diligence and lack of negligence.  See Caldwell, 154 S.W.3d at 96. 
However, when, as here, a bill of review plaintiff has no notice, he is
relieved of the burden of proving these first two elements.  Id.; Abou-Trabi
v. Best Indus. Uniform Supply, Inc., No. 14-02-01000-CV, 2003 WL 22252876,
at *3 (Tex. App.CHouston [14th Dist.] Oct. 2, 2003, no
pet.) (mem. op.).  The Texas Supreme Court has held that although a bill of
review plaintiff without notice must still prove the third elementCthat it was not
negligentClack of service of process conclusively establishes
the lack of negligence element.  See Caldwell, 154 S.W.3d at 97; see
also Abou-Trabi, 2003 WL 22252876, at *4.  The trial court followed Caldwell
in finding that Mabon=s lack of notice of the trial setting
conclusively established its lack of negligence.  Afri-Carib argues that this
rule does not apply in this case.  We agree.








A bill of review plaintiff=s obligation of
non-negligence includes a duty of diligence in not allowing a default judgment
to be taken against him.  See Abou-Trabi, 2003 WL 22252876, at *4
(stating that a bill of review plaintiff must prove Aan absence of
negligence in allowing the trial court to render the default judgment against
him@); accord Winrock
Houston Assocs. Ltd. P-ship v. Bergstrom, 879 S.W.2d 144, 149 (Tex. App.CHouston [14th
Dist.] 1994, no writ); see also Caldwell, 154 S.W.3d at 97 (AAn individual who
is not served with process cannot be at fault or negligent in allowing a
default judgment to be rendered.@ (emphasis
added)).  In Caldwell, the bill of review plaintiff alleged he had no
notice of the suit whatsoever.  Caldwell, 154 S.W.3d at 97B98.  Clearly, a
defendant having no notice of a suit against him cannot be negligent in
allowing a default judgment to be taken.  Id. at 97.  However, a party
who has been properly served or appeared in a lawsuit must be diligent.  Ross
v. Nat=l Ctr. for the Employment of the Disabled, 197 S.W.3d 795,
798 (Tex. 2006) (A[D]iligence is required from properly
served parties or those who have appeared.@).  AA party=s failure to make
reasonable inquiries regarding his pending litigation is failure to exercise
diligence, and without the showing of such diligence, a bill of review will
fail since the appellant will not be able to prove his non-negligence in
allowing the judgment against him to be rendered and to become final.@  Abou-Trabi,
2003 WL 22252876, at *4; see also Ponsart v. Citicorp Vendor Fin., Inc.,
89 S.W.3d 285, 290 (Tex. App.CTexarkana 2002, no pet.) (AEven if
[plaintiff] did not actually know the court had entered a default judgment
against him, he should have been aware that failing to answer [the] complaint
would result in a default judgment.@); Hernandez v.
Koch Mach. Co., 16 S.W.3d 48, 59 (Tex. App.CHouston [1st
Dist.] 2000, pet. denied) (AIt is generally held that a party to a
lawsuit is charged with notice that the suit may be dismissed for want of
prosecution when there is inaction for a long period of time.@).  Even if
a party does not know of a trial setting, if he appeared in the case but was
not diligent in monitoring the case status, he could be ineligible for a bill
of review.  See Abou-Trabi, 2003 WL 22252876, at *4.[3] 
Therefore, the trial court erred in concluding that Mabon=s lack of
negligence was established in this case a matter of law.








Afri-Carib further argues that Mabon=s lack of
diligence was established as a matter of law.  It points to evidence of
correspondence between Mabon and its attorney showing no mention of the lawsuit
in the two years prior to entry of the default judgment, even though they
corresponded about a separate business venture.  However, Mabon did not put on
its evidence of diligence, including other methods of communication such as
phone calls, because of the theory that evidence of diligence was not required
in this case, and the trial court made no finding regarding actual diligence.

We sustain Afri-Carib=s first issue to
the extent it argues that the trial court erred in finding that Mabon
established diligence as a matter of law by showing lack of notice.  We
overrule Afri-Carib=s first issue to the extent it argues that
Mabon=s lack of
diligence was established as a matter of law.  We reverse the trial court=s judgment
granting Mabon=s bill of review and remand for further proceedings.

2. 
Unclean Hands

In its third issue, Afri-Carib contends that even if Mabon
would otherwise be entitled to a bill of review, it came to court with unclean
hands and thus it should be denied on this basis.  One who seek equity must do
equity and must come to court with clean hands.  See Dunnagan v. Watson,
204 S.W.3d 30, 41 (Tex. App.CFort Worth 2006, pet. denied); Flores
v. Flores, 116 S.W.3d 870, 876 (Tex. App.CCorpus Christi
2003, no pet.).  Whether equitable relief should be denied based on unclean
hands is left to the discretion of the trial court.  Dunnagan, 204
S.W.3d at 41; Flores, 116 S.W.3d at 876.








Afri-Carib argues that Mabon has unclean hands because its
corporate representative  supposedly lied during the bill of review hearing and
in its answer about the location of some of Mabon=s offices and
about whether a certain individual had a relationship with Mabon.  The trial
court found the doctrine of unclean was Ainapplicable under
the facts.@  We agree.  The unclean hands doctrine should not be
applied unless the misconduct at issue is connected to the subject of the
litigation and the party asserting the defense has been seriously harmed by the
misconduct.  See Sharma v. Vinmar Int=l, Ltd., 231 S.W.3d 405,
423 (Tex. App.CHouston [14th Dist.] 2007, no pet.); Dunnagan,
204 S.W.3d at 41.  Afri-Carib has not even attempted to explain how the alleged
misrepresentations relate to the subject of the underlying litigation, much
less how it was harmed at all.  We overrule Afri-Carib=s third issue.

3. 
Summary Judgment

In its fourth issue, Afri-Carib contends we must reverse
summary judgment on the underlying breach of contract claim because the trial
court improperly granted Mabon=s bill of review.  First, we note that
Afri-Carib did not challenge the merits of the summary judgment ruling. 
Second, we agree that because we are reversing the trial court=s judgment
granting Mabon=s bill of review, we must also reverse the trial court=s grant of summary
judgment.  Accordingly, we do not address the merits of the trial court=s summary judgment
ruling.  Afri-Carib=s fourth issue is sustained.

                                                   III. 
Conclusion

Because the trial court erred in
determining that Mabon=s lack of notice established lack
of negligence as a matter of law, we reverse the trial court=s judgment granting Mabon=s bill of review and remand for
further proceedings.  Because the trial court=s ability to consider Mabon=s motion for summary judgment was
contingent upon granting its bill of review, we also reverse the trial court=s grant of summary judgment.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

Panel consists of
Justices Yates, Seymore, and Boyce.









[1]  Mabon Ltd. v. Afri-Carib Enters., 29 S.W.3d
291 (Tex. App.CHouston [14th Dist.] 2000, no pet.).





[2]  Mabon Ltd. v. Afri-Carib Enters., No.
01-03-01219-CV, 2005 WL 1117983 (Tex. App.CHouston
[1st Dist.] May 12, 2005, pet. denied) (mem. op.).





[3]  Mabon argues that Abou-Trabi does not apply
because it involved a situation in which the party was not diligent in pursuing
legal remedies after receiving notice.  Mabon=s argument misses the point.  The defendant in Abou-Trabi was
served with process and answered.  2003 WL 22252876, at *1.  After he did not
appear for trial and a default judgment was entered, he filed a bill of review
and claimed he did not have notice of the trial setting.  Id. at *2.  We
affirmed the trial court=s denial of his bill of review because he had not been
diligent in making reasonable inquiries about the litigation he knew was
pending against him.  Id. at *4.  That is exactly the situation here. 
Mabon was served and made an appearance but did not receive notice of the trial
setting.  Therefore, as in Abou-Trabi, its diligence in allowing the
default judgment to be taken against it must be examined rather than presumed
as a matter of law.