**J.J.T.B., INC., William E. Klug, John J. Klug, And Jo Ann T. Klug, Appellants,**

v.

**Steven GUERRERO, Appellee.**

No. 13–97–042–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 20, 1998.

Rehearing Overruled Sept. 25, 1998.

M. Lloyd Seljos, Edinburg, for Appellant.

Harold Kenneth Tummel, Lydia Casso Tummel, Tummel & Casso, McAllen, for Appellee.

Before Seerden, C.J., and YANEZ and CHAVEZ, JJ.

**OPINION**

SEERDEN, Chief Justice.

Steven Guerrero, appellee, brought a dram shop action against JJTB, Inc., William Klug, John Klug, and Jo Ann Klug, appellants. Based solely on deemed admissions arising from a failure to answer requests for admis-

sion, the trial court granted Guerrero's motion for summary judgment. Appellants bring appeal by writ of error. We reverse and remand.

### FACTUAL BACKGROUND

Guerrero's pleadings and the summary judgment evidence reflect that an establishment owned by appellants sold and served alcoholic beverages to Guerrero who was, at the time, obviously and dangerously intoxicated. Guerrero, minutes after leaving the establishment, was involved in a single-vehicle accident wherein he sustained serious injuries.

Appellants appeared in answer to Guerrero's original petition through attorney Cornelius B. Marsh, IV. Subsequent to appellants' appearance, Guerrero filed a verified pleading termed "Motion to Show Authority" questioning Marsh's ability to act as attorney for appellants. Specifically, the motion alleged that Marsh had been suspended from the practice of law for failure to pay State Bar dues. Attached to this motion was a copy of a letter from the clerk of the Texas Supreme Court certifying that Marsh had been suspended from the practice of law as of September 1, 1994. Nothing in the record reflects that this motion was heard or ruled upon by the trial court.

Less than three months after filing the Motion to Show Authority, Guerrero served requests for admissions upon Marsh as attorney for appellants. When no response was made to these requests, Guerrero filed a motion for summary judgment based on deemed admissions. The motion was served on appellants through Marsh. Appellants did not file a response to the motion, nor did they appear at the summary judgment hearing. On June 10, 1996, after the hearing, the trial court granted Guerrero's motion for summary judgment.

■ Appellants challenge the trial court's judgment by writ of error. To establish entitlement to relief in an appeal by writ of error, appellants must show that (1) appeal commenced within six months after the date of the judgment, (2) appellants were parties to the underlying suit, (3) appellants did not participate at trial, and (4) that the trial court committed error which is apparent upon the face of the record. *General Elec. Co. v. Falcon Ridge Apartments,* 811 S.W.2d 942, 943 (Tex.1991). Only the fourth element is at issue in the case at hand.

### ERROR APPARENT UPON THE FACE OF THE RECORD

Appellants argue that error is apparent on the face of the record by the demonstration of non-compliance with the rules of service of notice. Specifically, appellants argue that service of requests for admissions and the motion for summary judgment was ineffective because (1) those documents were served only upon Marsh, and (2) Marsh was suspended from the practice of law at all times relevant to the case. Accordingly, appellants conclude, in the absence of effective service of notice, the judgment of the trial court must be reversed. We agree.

When a party is represented by counsel, rule 169 requires service of a request for admissions be made on that party's attorney unless service on the party himself is ordered by the court. TEX.R. CIV. P. 169 (1). Rule 21a requires that notice of a motion for summary judgment be served "by delivering a copy [of the motion] to the party to be served, or the party's duly authorized agent or attorney of record . . . ." TEX.R. CIV. P. 21a.

It is undisputed that appellants were not personally served with either the requests for admissions or the motion for summary judgment. Rather, from the request for admissions and the certificate of service attached to the motion for summary judgment, it is clear that appellants were served solely through Marsh. Therefore, the question is whether service on Marsh effectuated service upon appellants.

■ As stated above, less than three months before the requests for admission were served on Marsh, Guerrero filed a verified Motion to Show Authority questioning Marsh's ability to represent appellants in light of his suspension for the non-payment of State Bar dues. The effect of this motion,

if nothing else,[1] was to put the trial court on notice of Marsh's inability to practice law. *See Sloan v. Rivers,* 693 S.W.2d 782, 783 (Tex.App.—Fort Worth 1985, no writ) (Substance of defective motion to show authority was sufficient to put the trial court on "notice of a possible irregularity worthy of further inquiry by the court."). A court has the ability to take judicial notice of an attorney's status with the State Bar. *See Hunnicutt v. State,* 531 S.W.2d 618, 623 (Tex.Crim.App. 1976); *Sebastian v. Braeburn Valley Homeowner's Ass'n,* 872 S.W.2d 40, 41 (Tex.App.—Houston [1st Dist.] 1994, no writ) (appellate court, in writ of error appeal, takes judicial notice of fact of relinquishment of law license); *Langdale v. Villamil,* 813 S.W.2d 187, 190 (Tex.App.—Houston [14th Dist.] 1991) ("an appellate court may take judicial notice of whether an attorney holds a license to practice law in Texas."). Accordingly, this Court has taken judicial notice of the fact that Marsh was suspended on September 1, 1994, for failure to pay bar dues, and has, to this day, not been reinstated. As such, it is clear that Marsh was without the authority to practice law or appear on behalf of appellants at the time the requests for admissions and the motion for summary judgment were served.

▪ In that respect, we hold that no attorney-client relationship existed between Marsh and appellants at the time the request for admissions was served on Marsh. *See Cannon v. ICO Tubular Services, Inc.,* 905 S.W.2d 380, 387 (Tex.App.—Houston [1st Dist.] 1995, no writ) ("The occurrence of an event that prohibits an attorney from practicing law on behalf of his client terminates the attorney-client relationship."); *Sebastian,* 872 S.W.2d at 42 (relinquishment of law license terminated attorney-client relationship). Therefore, because notice acquired by an attorney in the absence of the attorney-client relationship will not be imputed to the former or, as in this case, the non-client, *see Cannon,* 905 S.W.2d at 387; *Langdale,* 813

S.W.2d at 190, we hold that the record shows that Marsh could not have effectively received notice on behalf of appellants.

Guerrero points to a number of cases for the proposition that an attorney's suspension for failure to pay State Bar dues does not render the attorney legally incapable of serving as the attorney of a litigant during the period of his suspension. *See Cantu v. State,* 930 S.W.2d 594, 598 (Tex.Crim.App.1996); *Hill v. State,* 393 S.W.2d 901, 904 (Tex.Crim. App.1965); *Henson v. State,* 915 S.W.2d 186, 194–95 (Tex.App.—Corpus Christi 1996, no pet.). Such cases, however, focus on an attorney's ability to render effective assistance of counsel during a period of suspension. The case before us today does not call into question the effectiveness of services received by appellants, and thus, are readily distinguishable.

Furthermore, although the issue is not before us today, our holding does not jeopardize or compromise the lawyer-client privilege. By definition, appellants occupied the status of "client," and Marsh, "lawyer," for purposes of the lawyer-client privilege embodied in Rule 503. *See* Tex.R. Evid. 503 ("Client" defined under 503(a)(1) as "a person ... who is rendered professional legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from that lawyer." "Lawyer" defined under 503(a)(3) as "a person ... *reasonably believed by the client to be authorized* to engage in the practice of law.") (emphasis added).

Perhaps this is a situation contemplated by the rules wherein Guerrero would have been authorized and well-advised to have personally served appellants with the requests for admission and the motion for summary judgment. After all, it is clear from the record that Guerrero was aware that Marsh's license and, thus, his authority to practice law, was suspended at the times of service.

---

1. Neither finding nor being cited to controlling authority, we question whether such a motion is the proper or the only means by which an attorney's status with the State Bar may be challenged. Furthermore, as is evident from our decision today, where the motion raises a question capable of being answered through judicial notice, the motion itself can be sufficient to put the court on notice of the problem or allegation. *See* Tex.R. Evid. 201 (d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information.").

## CONCLUSION

We conclude that where the plaintiff is aware of defense counsel's suspension from the practice of law, and the trial court is put on notice of such suspension, notice acquired by the suspended attorney cannot be imputed to the defendant. Such absence of proper notice being affirmatively demonstrated, we find error apparent on the face of the record. Accordingly, we sustain appellants' points of error, reverse the judgment of the trial court, and remand this cause for trial on the merits.