**AFRI–CARIB ENTERPRISES, INC., Appellant,**

**v.**

**MABON LIMITED, Appellee.**

No. 14–07–00650–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 31, 2009.

Rehearing Overruled May 28, 2009.

Reconsideration En Banc Overruled July 9, 2009.

James C. Plummer, Houston, for appellant.

David W. Holman, Amy Dunn Taylor, Houston, for appellee.

Panel consists of Justices YATES, SEYMORE, and BOYCE.

## OPINION

LESLIE B. YATES, Justice.

This is an appeal of a bill of review and subsequent summary judgment. The trial court granted a bill of review, set aside a default judgment, and entered summary judgment in favor of appellee Mabon Limited. Appellant Afri–Carib Enterprises, Inc. appeals, arguing the trial court improperly granted the bill of review, rendering its subsequent actions invalid as well. We reverse and remand.

## I. Background

Afri–Carib sued Mabon in 1996 for breach of contract. Mabon hired counsel and made an appearance. When the case was called to trial nearly two years later, neither Mabon nor its counsel appeared.

The trial court entered a default judgment in 1998, which Mabon learned about after collection efforts began. That began a series of post-judgment activities, including an unsuccessful restricted appeal [1] and a prior bill of review.[2]

After the most recent remand, the trial court again considered Mabon's bill of review. Mabon argued that it did not receive personal notice of the trial setting or default judgment and that the notices sent to its attorney cannot be imputed to it because its attorney was suspended from the practice of law at the time the notices were sent. The trial court granted the bill of review and set aside the default judgment, thereby restoring the parties to their prior positions in the litigation. It then granted summary judgment for Mabon in the underlying suit based on limitations.

This appeal followed. Afri–Carib argues that the trial court erred in granting the bill of review because the evidence is insufficient to show that Mabon did not receive notice of the trial setting and default judgment, Mabon did not meet the requirements for a bill of review, and Mabon is not entitled to a bill of review because of unclean hands. Afri–Carib also argues that because granting the bill of review was improper, granting summary judgment in the underlying suit was also improper.

## II. Analysis

### 1. Bill of Review

#### a. Controlling Law

---

1. *Mabon Ltd. v. Afri–Carib Enters.*, 29 S.W.3d 291 (Tex.App.-Houston [14th Dist.] 2000, no pet.).

2. *Mabon Ltd. v. Afri–Carib Enters.*, No. 01–03–01219–CV, 2005 WL 1117983 (Tex.App.-Houston [1st Dist.] May 12, 2005, pet. denied) (mem. op.).

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer appealable or subject to a motion for new trial. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex.2004). A bill of review plaintiff must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action, (2) which he was prevented from asserting by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on his own part. *Id.* "These grounds are narrow and strictly construed because the need for equitable relief must be counter balanced against the fundamental importance of achieving finality of judgments and the elimination of endless litigation." *Gone v. Gone*, 993 S.W.2d 845, 847 (Tex.App.-Houston [14th Dist.] 1999, pet. denied); *accord King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex.2003).

After the bill of review hearing, the trial court ruled in favor of Mabon and then issued findings of fact and conclusions of law. Conclusions of law are reviewed de novo. *Gone*, 993 S.W.2d at 848. The trial court's findings of fact have the same weight as a jury verdict, and we review the legal and factual sufficiency of the evidence as we would a jury's findings. *See CA Partners v. Spears*, 274 S.W.3d 51, 69 (Tex.App.-Houston [14th Dist.] 2008, pet. filed); *Gone*, 993 S.W.2d at 847. If there is more than a scintilla of evidence supporting a finding of fact, we will overrule a legal sufficiency challenge. *CA Partners*, 274 S.W.3d at 69. In reviewing a factual sufficiency challenge, we consider all of the evidence and will set aside a finding only if it is so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.*

### b. Notice

The trial court found that Mabon had no notice of the trial setting because the notice sent to its attorney, whose law license was suspended at the time, could not be imputed to Mabon. In its second issue, Afri–Carib argues that the evidence is legally and factually insufficient to support the finding that Mabon had no notice.

It is well-settled Texas law that notice to an attorney who is suspended or disbarred will not be imputed to the client. *See Leon's Fine Foods of Tex., Inc. v. Merit Inv. Partners, L.P.*, 160 S.W.3d 148, 154 (Tex.App.-Eastland 2005, no pet.); *J.J.T.B., Inc. v. Guerrero*, 975 S.W.2d 737, 739 (Tex.App.-Corpus Christi 1998, pet. denied); *Langdale v. Villamil*, 813 S.W.2d 187, 190 (Tex.App.-Houston [14th Dist.] 1991, no writ). This is because such an event prevents an attorney from practicing law and therefore automatically severs the attorney/client relationship. *See Cannon v. ICO Tubular Servs., Inc.*, 905 S.W.2d 380, 387 (Tex.App.-Houston [1st Dist.] 1995, no writ); *Langdale*, 813 S.W.2d at 190.

Afri–Carib argues that this rule does not apply to Mabon because "whatever infirmity [its attorney] had existed before he was hired." The evidence does show that Mabon's attorney was suspended at the time Mabon hired him. However, Afri–Carib cites no authority for the proposition that the notice rule is inapplicable here, particularly in the absence of any evidence that Mabon hired its attorney knowing his license was suspended. We conclude that, as a matter of law, Mabon did not have constructive notice of the trial setting based on the notices sent to Mabon's attorney because its attorney was not authorized to practice law at the time. *See Leon's Fine Foods*, 160 S.W.3d at 154; *J.J.T.B.*, 975 S.W.2d at 739; *Langdale*, 813 S.W.2d at 190.

Afri–Carib further asserts that the evidence is insufficient to show that Ma-

bon's representative did not receive actual notice of the trial from its supposed attorney. Mabon's representative testified that he did not know about the trial setting, and the court's records show only that a notice was sent to Mabon's attorney of record. *See Cannon*, 905 S.W.2d at 387–88 (holding that evidence that trial notice was sent to wrong attorney and defendant's testimony that he was unaware of trial setting proved he had no notice); *Langdale*, 813 S.W.2d at 191 (holding defendant did not receive notice of trial setting based on defendant's testimony that he did not receive notice and court records showing notice sent only to former attorney). Afri–Carib contends that someone else at Mabon could have received the notice, but no evidence supports that assertion. We conclude that more than a scintilla of evidence supports the trial court's finding that Mabon did not have notice of the trial, and this finding is not against the great weight and preponderance of the evidence. Therefore, the evidence is legally and factually sufficient to support the trial court's finding, and we overrule Afri–Carib's second issue.

### c. Diligence

■■ In its first issue, Afri–Carib contends that the trial court erred in granting Mabon's bill of review because Mabon did not establish all the elements. A bill of review plaintiff typically must prove a meritorious defense, wrongful conduct of the opposing party, and its own diligence and lack of negligence. *See Caldwell*, 154 S.W.3d at 96. However, when, as here, a bill of review plaintiff has no notice, he is relieved of the burden of proving these first two elements. *Id.; Abou–Trabi v. Best Indus. Uniform Supply, Inc.*, No. 14–02–01000–CV, 2003 WL 22252876, at *3 (Tex.App.-Houston [14th Dist.] Oct. 2, 2003, no pet.) (mem. op.). The Texas Supreme Court has held that although a bill of review plaintiff without notice must still prove the third element—that it was not negligent—lack of service of process conclusively establishes the lack of negligence element. *See Caldwell*, 154 S.W.3d at 97; *see also Abou–Trabi*, 2003 WL 22252876, at *4. The trial court followed *Caldwell* in finding that Mabon's lack of notice of the trial setting conclusively established its lack of negligence. Afri–Carib argues that this rule does not apply in this case. We agree.

■ A bill of review plaintiff's obligation of non-negligence includes a duty of diligence in not allowing a default judgment to be taken against him. *See Abou–Trabi*, 2003 WL 22252876, at *4 (stating that a bill of review plaintiff must prove "an absence of negligence in allowing the trial court to render the default judgment against him"); *accord Winrock Houston Assocs. Ltd. P-ship v. Bergstrom*, 879 S.W.2d 144, 149 (Tex.App.-Houston [14th Dist.] 1994, no writ); *see also Caldwell*, 154 S.W.3d at 97 ("An individual who is not served with process cannot be at fault or negligent *in allowing a default judgment to be rendered*." (emphasis added)). In *Caldwell*, the bill of review plaintiff alleged he had no notice of the suit whatsoever. *Caldwell*, 154 S.W.3d at 97–98. Clearly, a defendant having no notice of a suit against him cannot be negligent in allowing a default judgment to be taken. *Id.* at 97. However, a party who has been properly served or appeared in a lawsuit must be diligent. *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 798 (Tex.2006) ("[D]iligence is required from properly served parties or those who have appeared."). "A party's failure to make reasonable inquiries regarding his pending litigation is failure to exercise diligence, and without the showing of such diligence, a bill of review will fail since the appellant will not be able to

prove his non-negligence in allowing the judgment against him to be rendered and to become final." *Abou–Trabi*, 2003 WL 22252876, at *4; *see also Ponsart v. Citicorp Vendor Fin., Inc.*, 89 S.W.3d 285, 290 (Tex.App.-Texarkana 2002, no pet.) ("Even if [plaintiff] did not actually know the court had entered a default judgment against him, he should have been aware that failing to answer [the] complaint would result in a default judgment."); *Hernandez v. Koch Mach. Co.*, 16 S.W.3d 48, 59 (Tex.App.-Houston [1st Dist.] 2000, pet. denied) ("It is generally held that a party to a lawsuit is charged with notice that the suit may be dismissed for want of prosecution when there is inaction for a long period of time."). Even if a party does not know of a trial setting, if he appeared in the case but was not diligent in monitoring the case status, he could be ineligible for a bill of review. *See Abou–Trabi*, 2003 WL 22252876, at *4.[3] Therefore, the trial court erred in concluding that Mabon's lack of negligence was established in this case as a matter of law.

Afri–Carib further argues that Mabon's lack of diligence was established as a matter of law. It points to evidence of correspondence between Mabon and its attorney showing no mention of the lawsuit in the two years prior to entry of the default judgment, even though they corresponded about a separate business venture. However, Mabon did not put on its evidence of diligence, including other methods of communication such as phone calls, because of the theory that evidence of diligence was not required in this case, and the trial court made no finding regarding actual diligence.

We sustain Afri–Carib's first issue to the extent it argues that the trial court erred in finding that Mabon established diligence as a matter of law by showing lack of notice. We overrule Afri–Carib's first issue to the extent it argues that Mabon's lack of diligence was established as a matter of law. We reverse the trial court's judgment granting Mabon's bill of review and remand for further proceedings.

### 2. Unclean Hands

In its third issue, Afri–Carib contends that even if Mabon would otherwise be entitled to a bill of review, it came to court with unclean hands and thus it should be denied on this basis. One who seek equity must do equity and must come to court with clean hands. *See Dunnagan v. Watson*, 204 S.W.3d 30, 41 (Tex.App.-Fort Worth 2006, pet. denied); *Flores v. Flores*, 116 S.W.3d 870, 876 (Tex.App.-Corpus Christi 2003, no pet.). Whether equitable relief should be denied based on unclean hands is left to the discretion of the trial court. *Dunnagan*, 204 S.W.3d at 41; *Flores*, 116 S.W.3d at 876.

Afri–Carib argues that Mabon has unclean hands because its corporate representative supposedly lied during the bill of review hearing and in its answer about the location of some of Mabon's offices and

---

**3.** Mabon argues that *Abou–Trabi* does not apply because it involved a situation in which the party was not diligent in pursuing legal remedies after receiving notice. Mabon's argument misses the point. The defendant in *Abou–Trabi* was served with process and answered. 2003 WL 22252876, at *1. After he did not appear for trial and a default judgment was entered, he filed a bill of review and claimed he did not have notice of the trial setting. *Id.* at *2. We affirmed the trial court's denial of his bill of review because he had not been diligent in making reasonable inquiries about the litigation he knew was pending against him. *Id.* at *4. That is exactly the situation here. Mabon was served and made an appearance but did not receive notice of the trial setting. Therefore, as in *Abou–Trabi*, its diligence in allowing the default judgment to be taken against it must be examined rather than presumed as a matter of law.

about whether a certain individual had a relationship with Mabon. The trial court found the doctrine of unclean hands was "inapplicable under the facts." We agree. The unclean hands doctrine should not be applied unless the misconduct at issue is connected to the subject of the litigation and the party asserting the defense has been seriously harmed by the misconduct. *See Sharma v. Vinmar Int'l, Ltd.*, 231 S.W.3d 405, 423 (Tex.App.-Houston [14th Dist.] 2007, no pet.); *Dunnagan*, 204 S.W.3d at 41. Afri–Carib has not even attempted to explain how the alleged misrepresentations relate to the subject of the underlying litigation, much less how it was harmed at all. We overrule Afri–Carib's third issue.

### 3. Summary Judgment

In its fourth issue, Afri–Carib contends we must reverse summary judgment on the underlying breach of contract claim because the trial court improperly granted Mabon's bill of review. First, we note that Afri–Carib did not challenge the merits of the summary judgment ruling. Second, we agree that because we are reversing the trial court's judgment granting Mabon's bill of review, we must also reverse the trial court's grant of summary judgment. Accordingly, we do not address the merits of the trial court's summary judgment ruling. Afri–Carib's fourth issue is sustained.

### III. Conclusion

Because the trial court erred in determining that Mabon's lack of notice established lack of negligence as a matter of law, we reverse the trial court's judgment granting Mabon's bill of review and remand for further proceedings. Because the trial court's ability to consider Mabon's motion for summary judgment was contingent upon granting its bill of review, we also reverse the trial court's grant of summary judgment.