



## OPINION

No. 04-10-00923-CV

Jerry **VALDEZ**, A Person Interested in the Estate of Martha Jane Valdez,
Appellant

v.

Bruce **ROBERTSON**, Jr.,
Appellee

From the Probate Court No. 1, Bexar County, Texas
Trial Court No. 2008-PC-3026
Honorable John Hutchison, III, Judge Presiding[1]

Opinion by:    Rebecca Simmons, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  August 31, 2011

REVERSED & REMANDED

Appellant Jerry Valdez challenges the trial court's rendering summary judgment in favor

of Appellee Bruce Robertson, Jr.  Valdez argues that the trial court erred by denying his motion

for continuance because he had received insufficient notice of Robertson's summary judgment

---

[1] Judge John Hutchison, III was assigned to preside over this cause pursuant to Texas Government Code section 25.00255(g). *See* TEX. GOV'T CODE ANN. § 25.00255(g) (West 2004 & Supp. 2009).

motion and the hearing on that motion.[2]  We reverse the trial court's judgment and remand the case for further proceedings.

## BACKGROUND

Valdez, as a person interested in the estate of his deceased mother, Martha Jane Valdez, sued Robertson to rescind a series of unwritten contracts between Robertson and Dorothy H. Mello, the guardian of his mother's estate prior to her death.  Valdez alleged that the contracts charged the estate excessive and unconscionable attorney's fees.  Robertson filed a motion for summary judgment and served a copy of the motion on Valdez's attorney, who was on administrative suspension from the practice of law.  At the hearing on Robertson's motion, Valdez appeared without counsel and filed a pro se verified motion for continuance, which the trial court denied.[3]  Noting that Valdez had not yet filed a response to Robertson's motion, the trial court rendered summary judgment for Robertson.  Valdez appeals.

## MOTION FOR CONTINUANCE AT THE SUMMARY JUDGMENT HEARING

Valdez argues that the trial court erred by rendering summary judgment because Robertson failed to comply with the notice requirements of rule 166a.  *See* TEX. R. CIV. P. 166a. Valdez contends that the trial court should have granted his motion for continuance because he received insufficient notice of both Robertson's summary judgment motion and the hearing set for that motion.

### A.  Standard of Review

We review the denial of a motion for continuance for an abuse of discretion.  *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).  In deciding whether a trial court has abused its

---

[2] Although Valdez argues that the trial court erred by denying his motion for new trial and that Robertson failed to show he was entitled to judgment as a matter of law, we need not reach these issues to dispose of this appeal. *See* TEX. R. APP. P. 47.1.

[3] At the time of the hearing, counsel for Valdez was no longer suspended.

discretion, we do not substitute our judgment for the trial court's judgment but decide only "whether the trial court's action was arbitrary and unreasonable." *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex. 1986). We will not reverse the ruling unless the record clearly shows a disregard of a party's rights. *Id.*; *Rodriguez v. Cuellar*, 143 S.W.3d 251, 260 (Tex. App.—San Antonio 2004, pet. dismissed).

## B. Notice

A movant is not entitled to summary judgment unless he complies with all of rule 166a's requirements. TEX. R. CIV. P. 166a; *accord Rozsa v. Jenkinson*, 754 S.W.2d 507, 509 (Tex. App.—San Antonio 1988, no writ); *see Lester v. Capital Indus., Inc.*, 153 S.W.3d 93, 95 (Tex. App.—San Antonio 2004, no pet.;. Rule 166a requires that the movant provide twenty-one days' notice of a summary judgment motion and hearing. TEX. R. CIV. P. 166a(c); *accord Milam v. Nat'l Ins. Crime Bureau*, 989 S.W.2d 126, 129 (Tex. App.—San Antonio 1999, no pet.). The failure to give sufficient notice deprives a party of his due process rights and warrants reversal. *See Peralta v. Heights Med. Ctr.*, 485 U.S. 80, 85–86 (1988); *Leon's Fine Foods of Tex. v. Merit Inv. Partners*, 160 S.W.3d 148, 155 (Tex. App.—Eastland 2005, no pet.); *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12 (Tex. App.—Dallas 1994, no writ).

Robertson argues that despite Valdez's assertion that he was never personally served, his attorney had received a copy of the summary judgment motion. Robertson also points out that Valdez cited no authority that acceptance of service is the practice of law or that administrative suspension renders a suspended attorney's actions void as a matter of law. However, "[i]t is well-settled Texas law that notice to an attorney who is suspended or disbarred will not be imputed to the client." *Afri-Carib Enters. v. Mabon Ltd.*, 287 S.W.3d 217, 220 (Tex. App.—

Houston [14th Dist.] 2009, pet. denied) (holding that notice sent to an attorney who is administratively suspended is not imputed to the client).[4]

It is undisputed that the trial court was aware of Valdez's attorney's administrative suspension from September 1, 2010, until October 6, 2010, for failure to pay his bar dues.[5] Therefore, Valdez did not have constructive notice of the motion that was served on his attorney on September 3, 2010. *See id.* It is also undisputed that on October 5, 2010, only two days before the hearing, Valdez first became aware of the summary judgment motion and hearing and that his attorney was suspended. This was insufficient notice under rule 166a. *See* TEX. R. CIV. P. 166a(c); *accord Milam*, 989 S.W.2d at 129.

Finally, Robertson argues that Valdez failed to comply with rule 251 requiring that the motion for continuance be "supported by affidavit." However, Valdez satisfied this requirement by filing a verified motion for continuance, which he signed and swore to before a notary, stating that he had insufficient notice of the summary judgment motion and hearing and no knowledge until October 5 that his attorney was administratively suspended. *See Lacombe v. San Antonio Express News*, No. 04-99-00426-CV, 2000 WL 84904, at *4 (Tex. App.—San Antonio Jan. 26, 2000, pet. denied) (not designated for publication) ("Generally, if the motion is not verified or supported by affidavit, we presume the trial court did not abuse its discretion in denying the continuance."); *Hill v. Floating Decks of Am., Inc.*, 590 S.W.2d 723, 728 (Tex. Civ. App.—San Antonio 1979, no writ) (rejecting formal requirements for affidavits where no statute imposes them and if "the facts are of such a nature that they may be reasonably considered to be within

---

[4] *See also Leon's Fine Foods of Tex. v. Merit Inv. Partners*, 160 S.W.3d 148, 154 (Tex. App.—Eastland 2005, no pet.); *J.J.T.B., Inc. v. Guerrero*, 975 S.W.2d 737, 739 (Tex. App.—Corpus Christi 1998, pet. denied); *Cannon v. ICO Tubular Servs.*, 905 S.W.2d 380, 387 (Tex. App.—Houston [1st Dist.] 1995, no writ) *abrogated on other grounds*, *Lane Bank Equip. v. Smith S. Equip.*, 10 S.W.3d 308 (Tex. 2000); *Langdale v. Villamil*, 813 S.W.2d 187, 190 (Tex. App.—Houston [14th Dist.] 1991, no writ).

[5] Although Valdez's attorney filed several documents in this case during this period, these filings did not render him legally authorized to represent Valdez as counsel in this case while he was suspended.

the personal knowledge of the affiant, whether the affiant be the party to the suit or his attorney or agent").

Because Valdez received insufficient notice of Robertson's summary judgment motion and the hearing on that motion, the trial court abused its discretion by refusing to grant Valdez's request for a continuance. *See Rodriguez*, 143 S.W.3d at 260. Consequently, Robertson was not entitled to summary judgment. *See* TEX. R. CIV. P. 166a(c); *Rozsa*, 754 S.W.2d at 509.

## CONCLUSION

We therefore reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

Rebecca Simmons, Justice