COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



JAMES WIMPY,       §

              No. 08-13-00267-CV

            Appellant,       §

              Appeal from the

v.       §

              83rd Judicial District Court

      §

MOTEL 6 OPERATING, L.P.,               of Pecos County, Texas

      §

            Appellee.               (TC# P-6793-83-CV)

      §

## O P I N I O N

This is an appeal from the grant of a summary judgment in a premises liability case. James Wimpy, Appellant here and plaintiff at the trial court, failed to file a response to a no-evidence and traditional motion for summary judgment advanced by Motel 6. We are asked to consider whether Wimpy received adequate notice of the summary judgment hearing, and whether the trial court abused its discretion in denying Wimpy's motion for new trial. For the reasons set out below, we reverse and remand the case.

### FACTUAL AND PROCEDURAL BACKGROUND

We recite only the factual and procedural history necessary to our disposition of the case. This suit was filed on February 18, 2010, against Motel 6 Operating, L.P. The petition alleges that on October 15, 2009, Wimpy was a guest at the Motel 6 in Fort Stockton. While coming down the stairs, he fell and seriously injured his right ankle. The petition contends that the placement of the treads and risers on the stairs was unreasonably dangerous and failed to meet

building code requirements. It further urges that the lighting failed to illuminate the stairs to reveal this condition. An amended petition added that the bottom step riser varied in height from the other risers so as to cause Wimpy to lose his footing.

*Events Leading to the Summary Judgment Hearing*

Approximately a year after the suit was filed, for reasons that are unclear, Wimpy's counsel filed a motion to non-suit without prejudice all of Wimpy's claims. Despite this motion, the record reflects continued discovery and activity in the case. For instance, the trial court entered a scheduling order on April 6, 2011, a month and half after the motion for non-suit was filed. The scheduling order set the case for trial on February 6, 2012.

On November 10, 2011, Motel 6 filed a motion seeking to dismiss the case based on the earlier motion for non-suit. The dismissal motion contended that the non-suit was immediately effective upon filing, and because the two-year statute of limitations had now run, any action the trial court could take with respect to the case would be futile. Wimpy filed a response contending that his attorney had called the court administrator shortly after the motion was filed to ask that it be withdrawn, and that in any event, no order was ever entered. Wimpy claimed that the trial court still has plenary authority in the case and urged the court to either acknowledge that the non-suit was withdrawn, or to not enter any order on the non-suit.

Before the non-suit issue was set for hearing, Motel 6 filed its summary judgment motion which asserted both traditional and no-evidence grounds. The no-evidence motion alleged that Wimpy could not prove: that he was an invitee; that Motel 6 was a possessor of the property; that any condition on the property posed an unreasonable risk of harm; that Motel 6 knew or reasonably should have known of the condition; that Motel 6 breached any duty to warn of the condition or make it safe; or that any breach was a proximate cause of Wimpy's injuries. The

2

motion also complained that Wimpy could not prove the negligence per se claim because there was no evidence that: he belonged to the class of persons the statute was meant to protect; the statute is one for which tort liability may be imposed; the statute was violated without excuse; and Motel 6's actions proximately caused any injury.

The traditional motion for summary judgment was premised on the same theory as the motion to dismiss: the non-suit effectively dismissed Wimpy's claims the instant it was filed, and even if the suit were revived now, it would be subject to the two-year statute of limitations. On December 12, 2011, Motel 6 requested the district clerk to set a hearing on its motion for summary judgment. Attached to the request was a form order with the hearing date left blank.

First Liberty Insurance Corporation intervened in the suit on January 19, 2012, alleging that it paid worker's compensation benefits to or on behalf of Wimpy for the injury. It also sought to continue the February 6, 2012 trial date which was apparently granted.

On October 1, 2012, Wimpy filed a discovery motion to gain entry to the property to inspect, test, and photograph the stairs. He simultaneously filed a motion seeking discovery sanctions based on Motel 6's refusal to admit the authenticity of various photographs of the staircase that he contended were taken by agreement. Motel 6 filed responses to each of these motions which among other things, contended the matters were moot as the case had been non-suited. An order set these matters for hearing the next day, October 3, 2012.[1]

The hearing on October 3, however, dealt only with the issue of the non-suit. On October 4, the presiding judge signed four orders: an order granting the non-suit; an order granting Wimpy's motion to withdraw the non-suit; an order denying Motel 6's motion to dismiss the suit based on the non-suit; and an order reinstating the case "on the Court's docket as if never non-suited." No rulings were made on the motion to inspect the premises or the motion for sanctions.

---

[1] The record is silent on how these matters came to be set on one day's notice.

On February 28, 2013, Lori Diebitsch, the court coordinator for the 83rd District Court of Pecos County, sent a letter to the district clerk's office asking that the case be set on the March 13 docket for "Status" and "Pending Motions," and requested that notice be sent to all parties. A subsequent letter canceled those hearings, but reset the status hearing for May 9.

At the May 9 status conference, the parties picked an agreeable trial date in September. The trial court asked if the parties needed a motions hearing before trial. Motel 6's counsel responded that Wimpy "has some pending motions that he wanted heard. I guess -- I think we have agreed on June 5th to hear his pending motions." The trial judge then asked for a "brief, Reader's Digest version of what the motions are" and the attorneys discussed several of Wimpy's motions, some which were agreed or might be agreed, and a sanctions motion which could not be agreed to. Following counsel's discussion, the trial judge asked:

*THE COURT*:  Okay. Good. So is that the only motion pending?

*MR. HORNE* [Wimpy's counsel]:  Yes, sir.

*THE COURT*:  Okay. I'll let you-all see if you can take care of that before    the Court intervenes.

Motel 6's counsel did not respond to the trial judge's question as to whether there were any other pending motions. The trial judge later asked "[i]s there anything else, then, that you-all need to bring to our attention?" The parties discussed an additional discovery matter, but said nothing about any other pending motion to be taken up on June 5.

Following the hearing on May 9, the court coordinator sent a letter to the district clerk's office asking that the case be set on June 5 for a "Hearing on Motions before the Court." The parties do not contest that they received a notice letter dated May 10, 2013 as follows

The above-captioned cause is set for **HEARING ON MOTIONS BEFORE THE COURT** in the 83rd DISTRICT COURT of Pecos County, Texas on the date appearing below:

4

June 05, 2013 at 1:00PM

Please direct any correspondence in regard to this setting to Judge Robert E Cadena, 400 S. Nelson, Fort Stockton, TX 79735, with a copy to this office, or call Lori Diebitsch, Court Administrator, at (432) 336-3361.

GAYLE HENDERSON
PECOS COUNTY DISTRICT CLERK

The parties had a follow-up hearing on May 15, 2013 to enter the scheduling order for the agreed September trial date. A dispute had apparently arisen over whether there should be a new deadline for the designation of experts. That issue was resolved. At the end of the hearing, however, Wimpy's counsel addressed the trial court on the impending June 5 hearing:

> *MR. HORNE*: But I'm probably going to pass on that until later on in discovery and maybe for pretrial, just make it pretrial, so we don't have to make a bunch of trips if anything else comes up.
>
> *THE COURT*: Yeah, you go ahead and -- if you-all want to designate another day, you-all certainly agree to it, and I'll be happy to make myself available to you-all.
>
> *MR. HORNE*: Okay. Very good.

There was no objection voiced about cancelling the June 5 hearing based on other motions being set that day. Following that hearing, Wimpy's counsel apparently asked his legal assistant to call the court coordinator to cancel the June 5 motions hearing. The assistant made some efforts, the extent of which are unclear, but never obtained the trial court's permission to cancel the June 5 hearing, and never notified opposing counsel of the attempts to cancel the hearing.

*The Trial Court Grants Summary Judgment on June 5*

Wimpy's counsel did not appear at the June 5 hearing, nor did he file any response to the summary judgment motion. The intervener, First Liberty Insurance Corporation, who had a substantial subrogation claim for worker's compensation benefits that it had paid on behalf of

5

Wimpy, did not attend the hearing either, nor did it file a response to the summary judgment motion. On June 5, the court signed an order granting Motel 6's motion for summary judgment. The trial court also denied Wimpy's motion for discovery sanctions. The next day Motel 6 filed a motion for severance of First Liberty Insurance Corporation. Both Wimpy and First Liberty Insurance Corporation objected to the severance claiming that they had not received notice of the setting for the motion for summary judgment. The trial court severed First Liberty Insurance Corporation from the main cause and assigned it a new cause number on June 7, 2013.[2]

*Motion for New Trial*

Wimpy filed a motion for new trial and reconsideration "of all Matters Pending and Ruled Upon June 5, 2013." The motion contends that he did not receive notice that the summary judgment was set for hearing on June 5, or alternatively, that all of the *Craddock v. Sunshine Bus Lines* elements for granting a post-default motion for new trial had been met. The motion contained affidavits and exhibits germane to what was set, or not set, at the June 5 hearing. It also contained affidavits and depositions ostensibly to reply to each of the elements challenged by the no-evidence motion.

The motion for new trial and reconsideration was heard by Judge Cadena on August 12, 2013.[3] At the hearing, the parties discussed but did not have a transcript of the May status hearings available for the trial judge to review.[4] On August 15, 2013, the trial judge denied the

---

[2] On August 29, 2013, James Wimpy and "Liberty Mutual Corp." filed a "Joint Notice of Appeal." Because First Liberty Insurance Corporation had already been severed from the main case, we fail to see how it had standing to pursue an appeal in this case. It is not listed on the docketing statement, and it has not filed a brief. We do not consider it a party to this appeal and express no opinion on how the resolution of this appeal might affect its claims.

[3] Of note, Judge Cadena took over the handling of this case in the spring of 2013 and conducted the 2013 status and motions hearings, as well as hearing the motion for new trial. Before that, the case had been assigned to Judge Pendergrass, and a visiting judge handled the October 3, 2012 hearing on the non-suit issue.

[4] The trial judge asked both parties about what transpired at the May 9 status hearing and how that affected the issues before the court. The official court reporter was not able to transcribe those hearings until sometime in

6

motion for new trial and reconsideration "after examining the pleadings, the motion and the response and hearing argument of counsel[.]"

## STANDARD OF REVIEW

Wimpy complains of the trial court's denial of his motion for new trial and reconsideration. The standard of review which governs a motion for new trial depends on the nature of the complaint being made. *Delgado v. Hernandez*, 951 S.W.2d 97, 98 (Tex.App.--Corpus Christi 1997, no writ); *Sanchez v. King,* 932 S.W.2d 177, 180 (Tex.App.--El Paso 1996, no writ). Generally, a trial court's decision on a motion for new trial is reviewed for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112,114 (Tex. 2006); *Munoz v. Rivera,* 225 S.W.3d 23, 26 (Tex.App.--El Paso 2005, no pet.). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *See Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). We may not reverse merely because we disagree with a decision by the trial court, provided the ruling was within the trial court's discretion. *See Beaumont Bank,* 806 S.W.2d at 226.

In part, the motion for new trial complains about granting a motion for summary judgment. We review a summary judgment *de novo*. *Frost National Bank v. Fernandez,* 315 S.W.3d 494, 508 (Tex. 2010); *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005); *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994). A no-evidence motion for summary judgment is essentially a pretrial directed verdict. *Seidler v. Morgan,* 277 S.W.3d 549, 552 (Tex.App.--Texarkana 2009, pet. denied). Therefore, the same legal sufficiency or no-

---

September 2013. It appears that Wimpy made efforts to have those hearings transcribed immediately following the entry of the judgment, but the court reporter was unavailable to transcribe them because she broke her arm and required surgery. We believe the transcripts, particularly of the May 9 hearing, would have been helpful to the trial judge in piecing together the issues in this case.

evidence standard applies. *See* TEX.R.CIV.P. 166a(i); *Wal–Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex. 2002).

The motion for new trial here also complains that the summary judgment was granted following a hearing of which Wimpy had no notice. If true, a trial court abuses its discretion in granting a summary judgment when the nonmovant was without notice of the hearing. *Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 383 (Tex.App.--Fort Worth 2005, pet. denied); *Valdez v. Robertson*, 352 S.W.3d 832, 834 (Tex.App.--San Antonio 2011, no pet.); s*ee Hubert v. Illinois State Assistance Commission,* 867 S.W.2d 160, 163 (Tex.App.--Houston [14th Dist.] 1993, no writ)(failure to provide notice of intent to dismiss for want of prosecution requires reversal); *see also LBL Oil Co. v. International Power Serv., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989)(failure to provide notice of entry of default judgment requires reversal).

**PROPRIETY OF SUMMARY JUDGMENT**

*Was There Adequate Notice of Hearing?*

In his first issue, Wimpy contends that he did not receive notice that the June 5 hearing included the motion for summary judgment. Wimpy raises two distinct arguments. First, he suggests that the notice of hearing that his counsel received set only the "motions before the court" and that the circumstances of this case are such that the motion for summary judgment was not a motion "before the court." Second, he notes that the rules require strict compliance with the method and timing of the notice for hearing and the clerk's letter fails to meet those standards.

We begin with a brief survey with the rules. A movant must comply with the procedural requirements of TEX.R.CIV.P. 166a to prove his entitlement to summary judgment. *Tanksley v.*

8

*CitiCapital Commercial Corp.,* 145 S.W.3d 760, 763 (Tex.App.--Dallas 2004, pet. denied); *Rozsa v. Jenkinson,* 754 S.W.2d 507, 509 (Tex.App.--San Antonio 1988, no writ). The non-movant is entitled to proper notice under Rule 166a. *Lewis v. Blake,* 876 S.W.2d 314, 315 (Tex. 1994). The failure to provide notice deprives the litigant of the right to be heard, constitutes a denial of due process, and is grounds for reversal. *Etheredge*, 169 S.W.3d at 383; *Valdez*, 352 S.W.3d at 834; *Hubert,* 867 S.W.2d at 163; *LBL Oil Co.*, 777 S.W.2d at 390-91.

TEX.R.CIV.P. 166a(c) requires that both the motion for summary judgment and notice of the summary judgment hearing be served on opposing counsel at least twenty-one days before the hearing date. *Id*. TEX.R.CIV.P. 21a governs the notice required by Rule 166a for a hearing on a motion for summary judgment. *Lewis,* 876 S.W.2d at 315. At the time this motion for summary judgment was heard, Rule 21a required:

> Every notice required by these rules, and every pleading, plea, motion , or other form of request required to be served under Rule 21,…may be served by delivering  a copy to the party to be served , or the party's duly authorized agent or attorney of record, as the case may be, either in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct.
>
> Service by mail shall be complete upon deposit of the paper, enclosed in a postpaid, properly addressed wrapper, in a post office or official depository under the care and custody of the United States Postal Service.... A certificate by a party or an attorney of record, or the return of an officer, or the affidavit of any person showing service of a notice shall be prima facie evidence of the fact of service.

TEX.R.CIV.P. 21a (rewritten December 11, 2013 to add electronic service). Under Rule 21a, if notice of the hearing is properly addressed and mailed, a presumption arises that the notice was properly received by the addressee. *Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex. 1987). The certificate of service of the party or attorney is the basis for the presumption. *Cronen v. City of*

*Pasadena,* 835 S.W.2d 206, 209 (Tex.App.--Houston [1st Dist.] 1992, no writ).[5]

While Rule 166a and Rule 21a describe when and how notice must be served, neither rule addresses the form or substance of the notice. Constitutionally, a party is entitled to actual, or at least constructive notice, of a hearing. *Texas Integrated Conveyor Systems, Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 363 (Tex.App.--Dallas 2009, pet. denied). And indeed, there are a number of cases finding proper notice when a party is put on constructive inquiry notice of a hearing or trial. *Mansfield State Bank v. Cohn,* 573 S.W.2d 181, 185 (Tex. 1978)(letter sent to the district court clerk requesting trial on a stated date, copied to opposing counsel was sufficient notice); *Goode v. Avis Rent-A-Car, Inc.,* 832 S.W.2d 202, 204 (Tex.App.--Houston [1st Dist.] 1992, writ denied)(party's receipt of an unsigned order setting a summary judgment hearing was found to be sufficient notice of the hearing date); *Longoria v. United Blood Servs.*, 907 S.W.2d 605, 609-610 (Tex.App.--Corpus Christi 1995), *rev'd on other grounds,* 938 S.W.2d 29 (Tex. 1997)(letter requesting specific date for trial or hearing, when copy sent to opposing parties, was sufficient notice); *Etheredge*, 169 S.W.3d at 382 (constructive notice given in situation where party selectively signs for certified mailings sent to proper address).

But certainly due process requires that parties receive notice "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Peralta v. Heights Medical Center, Inc.,* 485

---

[5] Contrary to the assertions that Wimpy's trial counsel made at the motion for new trial hearing, we find nothing in these rules which requires that a *party* serve the notice of hearing as distinct from the court's clerk. Wimpy relied on language in *Mosser v. Plano Three Venture*, 893 S.W.2d 8, 11 (Tex.App.--Dallas 1994, no pet.) which states the litigant should serve the order setting the hearing, but the *Mosser* opinion cites only to the text of the rule, which does not contain that requirement. *Mosser* would, however, support the proposition that when a party serves the notice themselves, they enjoy the presumption of proper service based on their certificate of service. *Id*. at 11. In his brief, Wimpy makes the same assertion citing *Valdez v. Robertson*, 352 S.W.3d 832, 834 (Tex.App.--San Antonio 2011, no pet.), but it too sources the proposition that a party should serve the notice to the text of the rule.

U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988), *quoting Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983). The notice must be meaningful to satisfy constitutional due process requirements. *Brosseau v. Ranzau,* 28 S.W.3d 235, 239 (Tex.App.--Beaumont 2000, no pet.)(two day notice of recusal hearing failed to satisfy due process). The sufficiency of the notice is fact specific to the case. *In re Marriage of Runberg*, 159 S.W.3d 194, 201 (Tex.App.--Amarillo 2005, no pet.)(Reavis, J., dissenting); *Sharpe v. Kilcoyne*, 962 S.W.2d 697, 700 (Tex.App.--Fort Worth 1998, no pet.), *citing Gonzales v. Surplus Ins. Services,* 863 S.W.2d 96, 99–100 (Tex.App.--Beaumont 1993, writ denied).

Applying these principles, and in the narrow confines of the facts of this case, we conclude that Wimpy did not receive notice of the summary judgment hearing. The clerk's notice letter set the "motions before the court" for hearing on June 5. On May 9 there was a specific discussion about what motions were before the court and would be heard at the June 5 hearing. There was no mention of the motion for summary judgment, though two questions from the trial judge would have prompted discussion of the motion were it set. There was a subsequent hearing where Wimpy's counsel discussed canceling the June 5 hearing date and there was no objection raised by Motel 6, which now contends its motion for summary judgment was set at that same hearing. The context of the case also reflects that the motion for summary judgment had been pending over a year and half and a subsequent hearing had addressed, or at least impacted, the traditional motion for summary judgment grounds. The traditional summary judgment asserted that the case had been dismissed by virtue of the non-suit and that limitations had run. But an intervening hearing resulted in an order that reinstated the case "as if never non-suited."

11

The clerk's notice of setting is analogous to those situations where a trial court issues an ambiguous order. In that instance, a reviewing court may look beyond the four corners of the order to ascertain its meaning. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404-405 (Tex. 1971). Looking to all the circumstances and statements on the record, we cannot conclude that there was notice that the summary judgment was "before the court" on June 5.

We should not be heard to say that a trial judge errs by setting an omnibus hearing for all pending motions. Nor are we holding that there is anything improper with a trial court setting and serving a notice of hearing on a summary judgment motion. We speak only to the unique facts of this case, with the specific representations made at the May 9 hearing, that the clerk's notice letter would not have provided notice reasonably calculated to inform Wimpy that Motel 6's summary judgment was set for hearing on June 5.

Nor should we be heard as excusing Wimpy's counsel for failing to attend the June 5 hearing, or at least obtaining the trial court's and opposing counsel's concurrence that the hearing was to be cancelled. Had Wimpy's counsel reached the court coordinator to cancel the hearing, the issue of what was set, or not set, would have likely come to a head. The trial court was justified in denying the one motion that was certainly set for that day, and on remand, it would be free to consider any other appropriate response to Wimpy's counsel's non-attendance.[6]

Wimpy also argues that we are bound to reverse the summary judgment because the record does not show strict compliance with the rules. Wimpy specifically argues that there is no proof of when the district clerk mailed the notice of hearing or when it was received, thus suggesting he might have had less than the 21 days required notice. While it is true that there is

---

[6] *See In re Bennett,* 960 S.W.2d 35, 40 (Tex. 1997)("A court has the inherent power to impose sanctions on its own motion in an appropriate case.") The record reflects that the trial judge and opposing counsel may have traveled to Fort Stockton for the June 5 hearing. Whether they would have been in Fort Stockton that day in any event is unclear. We leave to the trial court's sound discretion any further actions in this regard.

12

no certificate of service, or green card corresponding to the district clerk's letter setting the hearing, there is no claim that Wimpy's counsel did not receive the letter. In fact, the opposite is true. The issue is whether the letter provided notice that the motion for summary judgment was set, which it did not. Had it provided notice of a summary judgment hearing, but within the 21 day window, then it would have been incumbent on Wimpy to raise that issue with the trial court at or before the hearing date. *May v. Nacogdoches Mem'l Hosp.,* 61 S.W.3d 623, 626 (Tex.App.--Tyler 2001, no pet.)(late notice of hearing is non-jurisdictional and must be raised to the trial court).

We thus sustain Issue One and reverse and remand for trial. Consequently, we need not address Issue Two regarding the denial of the Motion for New Trial.


ANN CRAWFORD McCLURE, Chief Justice

March 4, 2015

Before McClure, C.J., Rodriguez, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment