

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00612-CV

David Allan **EDWARDS**,
Appellant

v.

**SHERIFF OF ATASCOSA COUNTY**,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 12-02-0185-CVA
Honorable Thomas F. Lee, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Jason Pulliam, Justice

Delivered and Filed:  June 10, 2015

REVERSED AND REMANDED

David Allan Edwards appeals the trial court's summary judgment rendered in favor of the Sheriff of Atascosa County. He argues, among numerous other issues, the trial court violated his due process rights by hearing and granting the Sheriff's motion for summary judgment without giving him sufficient notice. We reverse and remand for further proceedings.

### BACKGROUND

Edwards is an inmate incarcerated in the Texas Department of Criminal Justice's Ellis Unit in Huntsville. He filed suit in 2012 against the Sheriff, alleging that in 2000, the Sheriff's deputies

falsified evidence in his criminal trial. The Sheriff filed an answer, generally denying Edwards's allegations. The case was removed to federal court briefly before being remanded to the trial court. Edwards filed two motions for "summary and/or default judgment." Edwards also filed with this court a petition for writ of mandamus relating to the proceedings in this case, but we denied his petition. *In re Edwards*, No. 04-14-00463-CV, 2014 WL 3612679, at *1 (Tex. App.—San Antonio July 23, 2014, no pet.).

On March 21, 2014, the trial court issued a bench warrant for the Sheriff to take Edwards into custody. The bench warrant referred to the trial court's cause number for this case. The Sheriff took Edwards into custody from TDCJ on March 27, 2014. On April 2, 2014, we confirmed receipt of Edwards's notice in the mandamus proceeding that his address had changed to Atascosa County Jail. This confirmation was sent to the Sheriff's counsel.

While Edwards was in the Sheriff's custody, the Sheriff filed a motion for summary judgment and set it for hearing. The motion and the notice of hearing were mailed to Edwards at the Ellis Unit. Edwards remained in the Sheriff's custody until the summary judgment hearing on May 9, 2014. The trial court heard, but denied, Edwards's motions for "summary and/or default judgment."

When the trial court addressed the Sheriff's motion, Edwards objected that he did not receive sufficient notice of the hearing on the motion because he had not received the motion or notice of hearing until April 23, 2014. The trial court overruled his objection. Edwards filed and presented a verified motion for continuance at the hearing and the trial court denied the motion. The trial court then granted the Sheriff's motion for summary judgment. Edwards now appeals.

### MOTION FOR CONTINUANCE

Edwards argues the trial court erred by denying his motion for continuance. We review the denial of a motion for continuance for an abuse of discretion. *See Villegas v. Carter*, 711 S.W.2d

624, 626 (Tex. 1986). In deciding whether a trial court has abused its discretion, we do not substitute our judgment for the trial court's judgment but decide only "whether the trial court's action was arbitrary and unreasonable." *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 635 (Tex.1986). We will not reverse the ruling unless the record clearly shows a disregard of a party's rights. *Id.*

A movant is not entitled to summary judgment unless he complies with all of rule 166a's requirements. TEX. R. CIV. P. 166a; *Valdez v. Robertson*, 352 S.W.3d 832, 834 (Tex. App.—San Antonio 2011, no pet.). Rule 166a requires that the movant provide twenty-one days' notice of a summary judgment motion and hearing. TEX. R. CIV. P. 166a(c); *Valdez*, 352 S.W.3d at 834. When, as here, notice is served via mail, three days are added to the notice period. *See* TEX. R. CIV. P. 21a(c). "The failure to give sufficient notice deprives a party of his due process rights and warrants reversal." *Valdez*, 352 S.W.3d at 834.

The record confirms that from the time the Sheriff's motion for summary judgment was filed until the date of the hearing, Edwards was in the Sheriff's custody. The certificate of service on the notice and motion state they were mailed on April 3, 2012, to Edwards at the Ellis Unit. By that date, Edwards was no longer at the Ellis Unit but rather in the Sheriff's custody and the notice of change of address had previously been sent to Sheriff's counsel. Edwards's verified motion for continuance states he received the Sheriff's motion for summary judgment "on April 23, 2014 at 3:54 p.m." Because the record confirms the motion and notice was not sent to Edwards's last known address and Edwards did not receive timely notice, the trial court abused its discretion by denying Edwards's motion for continuance. *See Rozsa v. Jenkinson*, 754 S.W.2d 507, 509 (Tex. App.—San Antonio 1988, no writ) (holding that notice sent to wrong address was not sufficient under Rule 166a).

**OTHER ISSUES**

Edwards raises other issues that we briefly address. Edwards argues the trial court erred by denying his motion for default judgment because the Sheriff did not file a second answer after the case was remanded from federal court. However, the record confirms the Sheriff's answer was already on file when the case was remanded to state court, and a defendant need not file more than one answer. *See* TEX. R. CIV. P. 83. Edwards also argues Sheriff's counsel made an inappropriate comment to the trial judge by stating her spouse "was good friends" with Judge David Peeples. We are unaware of any authority (and Edwards cites none) that, even if this comment were inappropriate, Edwards would be entitled to any additional relief.[1]

**CONCLUSION**

We reverse the trial court's judgment and remand this case for further proceedings.

Luz Elena D. Chapa, Justice

---

[1] Edwards argues there was no reporter's record filed in this appeal. However, the reporter's record of the summary judgment hearing has since been filed.